## Morris v. The C., B. & Q. R. Co.

1. **Practice in the Supreme Court**: ASSIGNMENT OF ERRORS. An assignment of errors should point out the very error objected to, and one which stated that "a new trial should have been given for the reasons set forth in the motion," was *held* not to be sufficiently specific.

2. **Damages**: AMOUNT OF: PERSONAL INJURY. In an action for damages for personal injuries, the amount of the award for loss of power to earn money, and for pain and anguish suffered by reason of the injury, rests within the discretion of the jury.

3. **Negligence**: LIABILITY FOR: CONTRIBUTORY NEGLIGENCE. The plaintiff's negligence will not enable the defendant to escape liability if the act which caused the injury was done by the defendant after he discovered the plaintiff's negligence, and if the defendant could have avoided the injury by the exercise of reasonable care.

*Appeal from Fremont District Court.*

FRIDAY, DECEMBER 8.

ACTION for damages for personal injuries. The facts are stated in the opinion. Judgment for plaintiff for $3,000. Defendant appeals.

*Hepburn & Thummel*, for appellant.

*Stow & Hammond* and *Sapp & Lyman*, for appellee.

ADAMS, J. — I. The appellant makes one assignment of error, which is in these words: "The court erred in overruling the motion of defendant in arrest of judgment and for a new trial. A new trial should have been given for the reasons set forth in said motion."

1. PRACTICE in the Supreme Court: assignment of errors.

Code, Sec. 3207, provides that "an assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the the very error objected to." If the assignment of error is sufficiently specific in this case, then the motion for a new trial might in all cases be taken for the assignment, nothing more being necessary than a mere reference to it.

There was no error in overruling the motion for a new trial unless errors had previously occurred, and these errors, if any, constitute the true ground of appellant's complaint. The assignment, therefore, does not, as the Code requires, "point out the very error objected to."

Besides, the law requires this court to decide on each error assigned. Each assignment should require the consideration of but a single error. The errors assigned should be separated and numbered for convenient reference and discussion.

We are of the opinion, therefore, that the assignment of errors in this case is not such as the law contemplates, and might properly be disregarded.

II. We have, however, examined the errors discussed in 2. DAMAGES: appellant's brief, and will proceed to notice them. amount of: personal in- The court gave the jury the following instruc- jury. tion:

"If the plaintiff is entitled to recover, the measure of his recovery is what is denominated compensatory damages — that is, such sum as will compensate him for the injury he has sustained.

"The elements entering into damage are the following:

"1. Such sum as will compensate him for the expenses he has paid or incurred in effecting his cure and caring for and nursing him during the period that he was disabled by the injury.

"2. The value of his time during the period that he was disabled by the injury.

"3. If the injury has impaired the plaintiff's power to earn money in the future, such sum as will compensate him for such loss of power.

"4. Such reasonable sum as the jury shall award him on account of pain and anguish he has suffered by reason of his injury.

"The first two of these elements are the subjects of direct proof, and are to be determined by the jury on the evidence they have before them. The third and fourth elements are, from necessity, left to the sound discretion of the jury."

The appellant contends that the court erred in saying to

the jury that the third and fourth elements are, from necessity, left to the sound discretion of the jury.

The court did not say that the jury was not to be guided by such evidence as had been introduced upon those points.

There was considerable evidence in regard to the character of the injury, the pain defendant had suffered, and the disability which, in all probability, he would continue to suffer. There was nothing in the charge of the court calculated to take this evidence from the consideration of the jury. But as there was no evidence and could be no evidence upon these points upon which a computation could be based, the amount of the damages to be allowed was necessarily a matter of discretion. We think the instruction was unobjectionable.

III. The appellant contends that the verdict was contrary to the evidence in that there was no evidence tending to show either that the defendant was negligent, or that the plaintiff was free from negligence.

The plaintiff at the time of the accident was at the defendant's stock yard, in the town of Hamburg, engaged in loading upon the defendant's cars cattle and hogs, which he was about to ship to Chicago. He had left his prod poles at another place, and wishing to know whether he would have time to get them before the arrival of the train which was expected about that time, he stepped upon one of the loaded cars, to which an engine and another car were about to be attached, to look for the train. While he was standing there the engine backed the other car against that on which he was standing, and he fell between them. It is claimed by plaintiff that defendant was guilty of negligence in backing the engine and car with unusual speed and in not giving him warning, of both which facts there was some evidence. On the other hand, defendant claims that the plaintiff was guilty of negligence in standing on the car. It appears that at the time of the accident the plaintiff was standing with his back to the engine, and near the forward end of the car. It will be seen at once that it was a dangerous position if other cars were to be backed against it. Whether, under the circumstances of the case, it

3. NEGLIGENCE: liability for: contributory negligence.

was so manifestly dangerous that we could declare as a matter of law that the plaintiff was guilty of contributory negligence, we need not inquire. We are of the opinion that, taking the evidence altogether, we should not be justified in disturbing the verdict. The evidence shows that at the time of the accident one Platt, who was engaged as an employe of the defendant in making up the train, was standing upon a car next to the one upon which the plaintiff was standing, and saw the plaintiff standing in his dangerous position, and while the plaintiff was so standing Platt signalled to the engineer with his hands and arms to back the engine, and gave the plaintiff no warning.

The plaintiff's negligence will not enable the defendant to escape liability if the act which caused the injury was done by defendant after it discovered the plaintiff's negligence, and if the defendant could have avoided the injury in the exercise of reasonable care. *Wright v. Brown*, 4 Ind., 95; *Macon & R. R. Co. v. Davis*, 18 Geo., 699; *Kerwhacker v. Cleveland & C. R. R. Co.*, 3 Ohio St., 172; *Isbell v. N. Y. & N. H. R. R. Co.*, 27 Conn., 393; *Brown v. Hannibal & St. Joe R. R. Co.*, 50 Mo., 464; *B. & O. R. R. Co. v. State for use of Trainor*, 33 Md., 542; *State v. Railroad*, 52 N. H., 557; *Davies v. Mann*, 10 Mees. & W., 546; *Dowell v. The General Steam Navigation Co.*, 5 Ellis & B., 85 E. C. L., 206; Broom's Legal Maxims, seventh ed., 385, and cases cited.

As Platt exercised control over the movements of the locomotive, it was incumbent upon him to use reasonable care to avoid doing an injury by such movements. And if, as a reasonable man, seeing the plaintiff's position on the car so near the forward end, with his back to the locomotive, he should have apprehended the accident which resulted from the movement produced by his signal, his negligence will be considered the proximate cause of the injury.

Under the evidence we must presume that the question of Platt's negligence was considered by the jury; and it cannot be denied that if their verdict was based upon a finding that Platt was negligent the evidence on that point is sufficient

to support it.   We cannot say, therefore, that the verdict is contrary to the evidence.

AFFIRMED.