## McKEAN v. THE B., C. R. & N. R. Co.

1. **Evidence:** RAILROADS: CONTRIBUTORY NEGLIGENCE. In an action by an employe to recover from a railroad company for personal injuries, the opinions of witnesses as to whether certain acts of the plaintiff were negligent, or as to what he ought to have done under certain circumstances, are not competent. Evidence to establish contributory negligence should be confined to showing the custom of employes, or the danger attending a certain course of action.

2. **Railroads:** PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. Contributory negligence on the part of an employe will not relieve a railroad company from liability for injuries sustained by him where his negligence was known to other employes, and no effort was made to prevent the injury.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 13.

ACTION to recover for personal injuries sustained by plaintiff, while in the employment of defendant as a switchman, by reason of being thrown from a car operated upon defendant's railroad, through the negligence of his co-employes. There was a verdict and judgment for plaintiff in the sum of $4,000. Defendant appeals.

*J. & S. K. Tracy,* for appellant.

*Nourse, Kauffman & Jackson* and *Blake & Hormel,* for appellee.

BECK, J.—I. The plaintiff was employed as a switchman at defendant's station in Cedar Rapids. His duties required him to assist in placing cars upon side-tracks. While in this service he was required to ride upon the top of a freight car, and at a certain point to descend therefrom by the ladder at the end of the car, while it was in motion, for the purpose of changing a switch. While in the act of commencing the descent, being in the position of stooping and reaching over

to seize the iron at the end of the ladder, the motion of the car was suddenly checked by the application of the steam brake, and plaintiff was thereby thrown from the car, the wheels of which, or of other cars, ran over his feet, one of which was so injured that amputation was necessary. Plaintiff suffered from other injuries caused by the accident. He claimed that the steam brake was applied and the cars were thereby suddenly stopped without signal or warning to him, and that constituted the negligence which renders defendant liable. He also claims that when the accident occurred he was in the exercise of proper care.

II. A witness for defendant, who was the yard-master at the station, was asked the following question: "What would you say in regard to an individual if he should walk right up to the end of a car   *   *   * and within a foot, or so, of the end, and reach down to catch hold of the ladder, would you say whether that was or was not a proper mode to descend from the car?"

1. EVIDENCE: railroads: contributory negligence.

Another witness, who was a freight conductor, was asked this question: "Take the position you know McKean (plaintiff) was in at the time,   *   *   *   at the top of that car, the ladder being at the end of it, how should he have approached for the purpose of descending?". Both of these questions refer to the act of plaintiff in attempting to descend from the car. An objection of plaintiff to each question was properly sustained. The questions were intended to elicit the opinions of the witnesses upon the question of plaintiff's care or negligence in attempting to descend from the car. The evidence was not competent. The witnesses could have stated the practice of brakemen in descending ladders upon cars, or they could have explained the dangers attendant upon any particular manner of descending from the cars; in short, they could have testified to any fact tending to show the negligence of the plaintiff, but could not have given an opinion as to the negligence of plaintiff, or as to the manner in which he should have descended from the car in the exercise

of proper care. These were questions for the jury, and were not to be determined upon the assertion of the witnesses. The testimony was properly excluded.

III. The fourth instruction given to the jury is complained of by counsel for defendant upon the ground that the court therein determined that the plaintiff was not guilty of contributory negligence. But counsel's objection is based upon an incorrect interpretation of the instruction. It simply directs the jury that if plaintiff approached the ladder with ordinary care and caution, and in a usual manner, and was thrown from the car by reason of its being suddenly stopped, when he did not know, and could not have known by the exercise of ordinary care, the brakes were to be applied, he was not guilty of contributory negligence. The instruction is without fault.

IV. Objection is made to the sixth instruction. It is to the effect that if plaintiff was negligent, and such negligence 2. RAILROADS: was at the time known to the employes of depersonal injury; contributory negligence. it was their duty to give him notice or warning of the application of the steam brake, and if they failed so to do, and plaintiff, in consequence of such a failure, was injured, defendant is liable. The doctrine of the instructions is this: plaintiff's negligence will not excuse defendant if it was known to defendant's employes and they took no steps or adopted no means to secure plaintiff's safety. The rule is required by humanity and reason, and has been recognized by this court. *Morris v. The C., B. & Q. R. Co.*, 45 Iowa, 29.

V. Counsel for defendant insist that the verdict wants support of the testimony. The verdict cannot be disturbed on this ground. The evidence as to plaintiff's care, and as to warning given him by signals that the cars were about to be stopped, etc., is conflicting. The jury doubtless believed witnesses for plaintiff, and plaintiff, rather than one or two witnesses for defendant. We cannot say that in this they

even erred, much less that they were influenced by passion or prejudice, a conclusion we must reach in order to authorize us to reverse the judgment.

The foregoing discussion disposes of all questions raised in the argument of plaintiff's counsel. The judgment of the District Court must be

AFFIRMED