GWYNN V DUFFIELD ET AL.

1. **Negligence:** ADMINISTRATION OF POISON: RULE OF LAW. Where a person, whether an apothecary or not, negligently gives another poison, for the purpose of being swallowed by him, and produces injury thereby, the person negligently giving the poison is guilty of a tort, and is liable for the injury, unless the person injured was also guilty of negligence which contributed to the injury. But the rule is subject to this exception, that the person so injured may recover, notwithstanding his contributory negligence, if the person negligently administering the poison, after seeing the danger of injury to the other, does not use ordinary care to prevent it.

2. ——: ——: RULE APPLIED: INSTRUCTION. Upon consideration of the facts of this case (see opinion), it was *held* that there was no foundation for embodying the above exception in an instruction to the jury; also, that the exception was not properly stated by the court. BECK, J., *dissenting*.

*Appeal from Page Circuit Court.*

FRIDAY, APRIL 20.

THE defendants are partners engaged in business as apothe‑caries. The plaintiff brings this action to recover of them $5,000, as damages alleged to have been sustained by reason of their negligence as apothecaries. They pleaded a general denial. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Hepburn & Thummel* and *James McCabe*, for appellants.

*Clark & Parslow, C. S. Keenan* and *Davis & Sexton*, for appellee.

ADAMS, J.—The injury was caused by reason of the plaintiff's taking an overdose of belladonna. He went into the defendants' drug store and helped himself to what he supposed was a dose of the extract of dandelion; unfortunately the jar from which he helped himself contained belladonna, and what he took was an overdose of that drug. He avers that the defendants sold him the dose in question for the extract of dandelion. He also avers that they gave it to him for the extract of dandelion, and also that he took it under their direction, and under their representation that it was the extract of dandelion.

He introduced very little evidence, if any, tending to show that the defendants sold him the dose. But he showed circumstances from which the jury was justified, if they believed the evidence, in finding that the defendants consented to his having the dose as a gift. In addition to this, he showed beyond controversy that the defendants were guilty of negligence. He showed, also, that belladonna is a poison, and that injury resulted to him from taking it.

Now the law is clear that where a person, whether an apothecary or not, negligently gives another person poison, for the purpose of being swallowed by him, and the poison is swallowed by him and produces injury, the person negligently giving the poison is guilty of a tort, and is liable for the injury, unless the injured person was also guilty of negligence which contributed to the injury. The principal question presented, and the only one which we deem it necessary specifically to determine, is one which arises upon an instruction given by the court on the subject of contributory negligence. The court gave the general rule in respect to the effect of contributory negligence on the part of the person injured, and so far there is no complaint by either party. But the court went further, and gave an exception to the rule, which may properly enough be given in some cases, but for which the defendant contended that there is in this case no warrant in the evidence. The exception given, stated in a general way,

.is the familiar one, that the plaintiff in an action for tort may recover, notwithstanding his own negligence contributed to the injury, if the defendants, after seeing the danger of injury, did not use ordinary care to avoid it. *Morris v. C., B. & Q. R. Co.*, 45 Iowa, 29; *Weymire v. Wolfe*, 52 Iowa, 533. In determining whether the court erred in giving the instruction, we shall have occasion to notice the peculiar language used, and shall also have occasion to refer to the undisputed facts touching the question of negligence. The court instructed the jury that, if they found that the injuries complained of were contributed to by the plaintiff, he could not recover, "unless it was further shown by him that his fault, or neglect, or carelessness, or wrong was known to the defendants, and that the defendants could have prevented the injuries complained of by the exercise of reasonable care, after those facts had become known." The language used, it will be seen, is not clear. That the court intended to give the ordinary rule, as stated in the cases above cited, there is no doubt. But the use of the word "wrong," in the connection in which it was used, leads us to suspect that the court intended to add something to the ordinary rule. The idea to be expressed was the plaintiff's *danger*, or, what is the same thing under the circumstances, the plaintiff's *negligence producing danger*. If the court intended nothing more than th·t, the words "fault, or neglect, or carelessness, or wrong" were rot happily chosen. We have to say, therefore, that it rather appears to us that, in the use of the word "wrong," the court had in mind something which might be expressed by the word *trespass*, or possibly by the word *theft*. If so, then the court intended to instruct the jury that if the plaintiff was guilty of trespass or theft, and such trespass or theft became known to the defendants, and they did not, after such knowledge, use ordinary care to prevent the injury, they would be liable, notwithstanding the plaintiff's negligence. But it will be seen at once that they might have discovered the plaintiff's wrong of that kind, without discovering that he was in any danger; and

unless they discovered his danger, there is no ground for the exception to the rule in respect to the effect of the plaintiff's contributory negligence.

But in no view can the instruction be sustained. The plaintiff predicated his right to recover upon the theory that he took the drug with the defendants' consent, and by that he must stand or fall.

Proceeding, then, upon that theory, let us inquire what are the undisputed facts respecting the subject of negligence. Taking the evidence of consent, as showing what the plaintiff claims that it does, the facts are as follows: The plaintiff went to the jar containing belladonna, and took out on the point of his knife what he thought was a dose of the extract of dandelion, and called the attention of one of the defendants to it, and asked if that was a proper dose, and the defendant, supposing that it was the extract of dandelion, told the plaintiff that the amount on his knife was a proper dose, and thereupon the plaintiff took it. The jar, it appears, was properly labelled, and the plaintiff's negligence, if any, consisted in not discovering that the jar contained belladonna. There is no pretense that he could not read. The only excuse for him was, so far as we can discover, that the defendant, whom he consulted in regard to the size of the dose, had just made the same mistake. He had just taken from that jar, as the plaintiff had seen, a portion of its contents, to fill an order for the extract of dandelion, given by the plaintiff, and was doing up the package when the plaintiff proceeded to help himself to a dose from the jar as above set forth. There is not the slightest evidence that the defendant discovered the plaintiff's danger. The jury, then, should have been instructed, without qualification, that, if the plaintiff was guilty of negligence contributing to the injury, he cannot recover.

REVERSED.

BECK, J., *dissenting.*—The conclusion reached in the foregoing opinion appears to me to be based upon an incorrect

interpretation of a rule of law, and, in my opinion, works great injustice.

The facts briefly stated, in language other than was used by Mr. Justice ADAMS, are these: The defendants are apothecaries, to whom plaintiff applied for medicine. In the presence of plaintiff and under his observation they filled the prescription with a poison taken from a jar properly labeled. But it does not appear that the label indicated that the contents of the jar were poisonous. While defendants were putting up the drug, plaintiff, in their presence and under their observation, took from the jar a part of its contents, equaling in quantity a dose of the medicine he had ordered. He asked defendants if the quantity was a proper dose, and they informed him it was. Thereupon he swallowed it, and suffered from it a great injury.

Defendants were negligent in putting up the contents of the jar for the medicine ordered by plaintiff, and, in the absence of contributory negligence on the part of plaintiff, would have been liable to plaintiff, had he taken a dose of the drug prepared by them. Defendants' negligence consisted in not knowing at the time, or failing to remember or observe, that the jar contained poison. It is not claimed that they intentionally substituted the poisonous drug for the medicine. It is held in the foregoing opinion that the jury might have found the plaintiff was negligent in failing to discover from the label on the jar the poisonous character of its contents. But I am unable to discover grounds for holding him guilty of negligence at all. It is not shown that he knew the jar contained poison, or that, if he had read and observed its label, he would have understood it contained poison, or that he had any knowledge of its contents, or that the name of the drug, if read, would have warned him of its poisonous qualities. Surely, the most careful man, under the same circumstances, would have taken the contents of the jar to be the medicine he ordered. The defendants were bound to know the contents of the jar, and its nature and character; the plaintiff, in the

exercise of the highest care, was justified in relying upon de-fendants' knowledge of the contents of the jar, and upon their act, in taking a part of it, as a representation that it was the medicine he ordered.

However, as the question of plaintiff's negligence was made an element in the court below, it may be considered here. I will concede, therefore, for my present purpose, that plaint-iff was negligent. The case under this view is this: De-fendants were negligent in putting up the poison in-stead of the medicine, thus directing plaintiff to the same jar from which the drug was taken, and representing its con-tents to be the medicine ordered. This is conceded on all hands. Plaintiff was negligent in failing to observe that the contents of the jar were poison. This is claimed in the foregoing opinion, and I concede it for the purposes of the case. The rule of the instruction, quoted in the majority opinion, is that defendants are liable notwithstanding plaintiff's contrib-utory negligence, if they discovered it, and could have avoided the injury by the exercise of reasonable care. This instruc-tion is held in the foregoing opinion to be inapplicable to the case, for the reason that, as is alleged, "there is not the slight-est evidence that the defendants discovered the plaintiff's danger."

In the first place, it will be observed that the rule of the instruction, which is a fair expression of the law, does not contain the condition that defendants, to be liable, must know of plaintiff's danger. They must know of his *negligence*, a very different thing. But I will waive this inaccuracy of ex-pression, and concede, for my present purpose, that defendants, to be liable, must appear to have known of plaintiff's negli-gence and danger. Now they did know both. This fact is ad-mitted in the foregoing opinion, in holding them to be negli-gent. If they did not know, or the law will not presume they knew, that the jar contained poison, they were not negligent in serving plaintiff with its contents. Their knowledge, or pre-sumed knowledge, of the contents of the jar, is the only element.

which made their act negligent. They must be charged with the knowledge, of the contents of the jar by reason of their employment. They were apothecaries, and the law required that they should know poison from medicine, and know what packages in their store contained poison and what contained medicine. They cannot be heard to deny their knowledge of these things. All that can be said is that, at the time they were putting up the poison and plaintiff was taking it, they had forgotten, or did not have in mind, the character of the contents of the jar. The act was done by them, not from a want of knowledge, but a heedless inattention next to criminality. To speak the most mildly of the act, it was not done through ignorance, but forgetfulness. Would an engineer or conductor of a railway train, who, through inattention or, if you please, forgetfulness, uses one signal for another, or misreads or forgets the time table, or mistakes the hands of his watch, be excused on the grounds of ignorance for injuries resulting from these causes? Surely not. And it ought not to be said, in excuse of the act of an apothecary in giving poison instead of medicine, that he did not know what he was doing. In the case before us, defendants did know just what they were doing—they did know the jar contained poison, but through criminal inattention they failed to exercise the knowledge they possessed. I am very sure no one will claim otherwise. This position is admitted in the foregoing opinion, where it is held that defendants were negligent.

This point being established, the conclusion of the argument is reached. If defendants are chargeable with knowledge when contemplating their own act of putting up the poison instead of medicine, they must be charged with knowledge of plaintiff's act when he did the same thing. If, when they took the drug from the jar, they knew it was poison, or are chargeable of knowing it, they must be charged with the same knowledge when they saw plaintiff take it. It would be absured to say that the same rule does not apply to each act. They knew plaintiff was negligent when he took the

poison from the jar, for they are chargeable with negligence for the same act. Forgetfulness or inattention prevailed in both cases, and will not be excused in either. They pointed out to defendant the jar by taking the poison from it themselves. It surely will not do to say that they did not know it contained poison; and it will not do to say they did not "discover plaintiff's danger," when they saw him about to swallow a drug which they knew to be poison.

In my opinion the judgment of the circuit court ought to be affirmed.