62   167
92   186
62   167
94   430
62   167
109   631

ROMICK, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Railroads:** INJURY TO BRAKEMAN: NEGLIGENCE IN "BACKING" TRAIN. Where a brakeman, when about to make a coupling, was authorized by the custom in such cases to believe that the train would not be "backed" until he was ready and should so signal, it was negligence in those in charge of the train to "back" it without such signal.

2. **Contributory Negligence:** DOES NOT NECESSARILY DEFEAT RECOVERY. The contributory negligence of the person injured will not excuse the other negligent party, if the contributory negligence was known to him, and he could have avoided the injury by the exercise of reasonable care.

*Appeal from Madison Circuit Court.*

WEDNESDAY, DECEMBER 5.

ACTION to recover for personal injuries sustained by plaintiff's intestate while in the service of defendant as a brakeman, which resulted in his death. The cause was tried to a jury and, upon the close of plaintiff's evidence, the circuit court directed the jury to return a verdict for defendant, whereon a judgment was entered. Plaintiff appeals.

*A. R. Smalley* and *Bryan & Bryan*, for appellant.

*Wright, Cummins & Wright*, for appellee.

BECK, J.—I.   The plaintiff's intestate was in the employment of defendant as a brakeman upon its railroad.   In coupling a dining car to the "caboose" of a freight train, to be drawn from Atlantic to Council Bluffs, he received injuries that caused his death.   The "caboose" had a "bumper" of ordinary construction, and the dining car was provided with a Miller's coupler.   The deceased was between the cars when he made the attempt to couple them, but the "bumper," upon striking Miller's coupler, slipped aside and ran under the platform of the dining car, crushing deceased, and killing him almost instantly.   It is alleged that defendant's employes were negligent upon various grounds.   One only need be mentioned, namely, in signaling the person in charge of the engine to move backward in order to make the coupling, while deceased was between the cars preparing therefor, without a signal from him.

II.   The evidence shows that, prior to the attempt to couple the cars, the train was backed and stopped, so that the "caboose" was within six feet of the dining car when deceased went between the cars to make the coupling, which was delayed by reason of difficulty in removing a coupling pin, and the necessity of procuring another.   The evidence tended to prove that, in making a coupling of cars of the construction of those in question, the person charged with the duty usually stands between the cars, and the cars are moved only upon his signals, and that the deceased did not signal or in any manner direct the train to be backed when he received the fatal injury.

1. RAILROADS: injury to brakeman: negligence in "backing" train.

The circuit court directed the jury to find a verdict for defendant, upon the grounds that the evidence failed to show that defendant was negligent, and did show that the deceased contributed to his injury by his own negligence.   We think in this ruling there is manifest error.

III.   The evidence tends to show negligence of defendant's employes in moving the train without the direction of

deceased. Under the proof, it should not have been "backed" until deceased should have so directed. He was authorized to believe that the train would not be moved until he was ready, and should so signal.

But it is urged that deceased contributed to the injury by his negligence in going between the cars, being warned of the danger by a fellow employe. If this posi-

**2. CONTRIBU-TORY negli-gence : does not necessa-rily defeat recovery.** tion be found to be supported by the evidence, it is answered by the consideration that the evidence tended to show that defendant's employes, who directed the train to be moved, had knowledge of the alleged negligence of deceased in going between the cars. Under a familiar rule recognized by the court, contributory negligence of the person injured will not excuse the other negligent party, if the contributory negligence be known to him, and he could have avoided it by the exercise of reasonable care. There being evidence upon the questions of the negligence of the parties, and the knowledge of the co-employes of the deceased of his negligence, if he was guilty of any, these questions, under repeated rulings of this court, should have been submitted to the jury.

On account of the error in withdrawing the case from the jury, the judgment of the circuit court will be reversed, and the case will be remanded for a new trial.

- REVERSED.