Deeds v. The Chicago, Rock Island & Pacific R'y Co.

1. **Railroads:** INJURY TO EMPLOYE: CONTRIBUTORY NEGLIGENCE: ERRONEOUS INSTRUCTION. An instruction to the effect that, if a railroad employe is injured *solely* on account of his negligence in disregarding the rules of the company, he cannot recover, is erroneous, because it is calculated to mislead the jury into the error of finding in his favor in case his negligence only *contributed* to the injury.

*Appeal from Washington District Court.*

THURSDAY, JUNE 17.

ACTION to recover for personal injuries sustained by plaintiff by reason of the negligence of defendant and its employes. There was a judgment in the court below upon a verdict for plaintiff. Defendant appeals.

*M. A. Low* and *Wright, Cummins & Wright,* for appellant.

No appearance for appellee.

·Beck, J—I.   The plaintiff was in the employment of defendant in the capacity of a brakeman.   In an attempt to couple cars of a train he was assisting to operate he received an injury of his hands and fingers, and brings this suit to recover damages therefor.   The evidence tended to show that the plaintiff, after giving to the engineer or the person in charge of the engine a signal to stop, went between the cars for the purpose of making the coupling, and there received the injury.   The signal was not obeyed.   It is claimed that the person in charge of the engine was negligent in not obeying the signal, and in not watching for and seeing it.   A rule of the company, of which plaintiff had notice, is as follows: " Brakemen or switchmen, in coupling or uncoupling cars, must not assume that signals given to the engineer or fireman will be obeyed.   When obedience to a signal thus given by a brakeman or switchman to an engineer or fireman is essential to the safety of the brakeman or switchman in the performance of a duty, he must know that the signal has been understood, and is obeyed, before he places himself in a position of danger, relying upon such obedience.   When he acts without such knowledge, he assumes all risks of danger arising from misunderstanding or disobedience of signals."   The evidence tends to show that plaintiff, in violation of this rule, went between the cars to make the coupling before the cars had stopped, and without knowing that his signal had been understood and was obeyed.

II.   As applicable to this evidence, the district court gave to the jury an instruction in the following language:   "If you find that plaintiff did violate said rule (the rule just quoted) in the respect mentioned, by putting himself in a dangerous position, in reliance upon obedience to a signal, without knowing it had been obeyed, and was injured solely in consequence of such violation, he cannot recover, and your verdict should be for defendant."   Other instructions were ·given the jury intended to present the rule as to the effect

of contributory negligence of plaintiff upon his cause of action. Some of the instructions were also intended to apply this rule, though not in express language, to the want of obedience by plaintiff to the rule of the defendant, above quoted. These instructions are objected to and criticised by defendant's counsel. We will not, for reasons hereafter stated, consider them. The instruction we have quoted, while doubtless intended to harmonize with the other instructions, is clearly in conflict with them, and with the rule of contributory negligence, and was misleading. The instruction is, of course, based upon the doctrine of contributory negligence, under which the plaintiff cannot recover if he contributed to the injury by his own negligence. If other employes were negligent, and their negligence, uniting with the negligence of plaintiff, caused the injury, he cannot recover. If the other employes had, at the time, knowledge of the plaintiff's negligence, and failed to use proper care to prevent the accident, his negligence would not defeat recovery. The rule of the instruction is to the effect that plaintiff cannot recover if he was injured solely in consequence of the violation of the rule. The jury, doubtless, understood the instruction to direct that a disobedience of the rule must be the only cause of the injury in order to authorize a verdict for defendant, and that if plaintiff contributed to the injury by his negligent disobedience of the rule of the company, he could recover if his disobedience was not the sole cause of his injury, and the negligence of defendant contributed thereto. In our opinion, the instruction, taken by itself, is clearly erroneous, and that the error found in it is not neutralized by the other instructions. It is hardly possible that the jury were not misled by it.

III. Other objections are urged against the judgment, based on rulings upon evidence, and upon other instructions given and refused. As the cause has not been argued by counsel for plaintiff, we will not consider these objections. We will never decide questions which have not been argued

on both sides when it can be avoided, and will stop the consideration of a case not argued by the appellee upon reaching the conclusion that it ought to be reversed upon any other ground. The great aid to correct discussions of causes derived from discussion by counsel impel us to avoid, so far as possible, all decisions of questions not argued.

For the error pointed out, the judgment of the district court is

REVERSED.