MARY KEEFE, Administratrix, v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

Railroads: Negligence: LIABILITY FOR, NOT ABSOLUTE. It is error to charge that a railroad is liable if its employees could, with reasonable care, have seen a person injured, before he was injured, that it was their duty to see him, and, if ordinary care made it possible, to observe whether his actions indicated him to be ignorant of the approaching engine and whether he was getting out of the way. It leaves out contributory negligence.

Contributory Negligence: INJURY AFTER IT IS OBSERVED. One is liable for negligently injuring another after he *knows* the other to be negligent. But, ordinarily, it is not enough that available means to know of such negligence were not used.

*Appeal from Clinton District Court.*—HON. P. B.
WOLFE, Judge.

TUESDAY, OCTOBER 16, 1894.

ACTION at law to recover damages for the death of
James Keefe, alleged to have been caused by negligence
on the part of the defendant.   There was a trial by
jury, and a verdict and judgment for plaintiff.   The
defendant appeals.—*Reversed.*

*Hubbard & Dawley* for appellant.

*L. A. Ellis* and *Walsh Bros.* for appellee.

ROBINSON, J.—On the twenty-fifth day of Febru-
ary, 1889, James Keefe was struck and killed by a
locomotive engine of the defendant on its grounds in
Clinton.   At the time of the accident Keefe was between
sixty-five and sixty-seven years of age, and his hearing
and eyesight were good.   He had worked in Clinton
on the railway track for twenty-five years, and for four
or five years preceding his death had worked around
the depot and in the yard of defendant, at such work
as the roadmaster from time to time required him to
do.   On the day of the accident, he was engaged with
a shovel on a track known as "No. 2," which extends
from the east in a westerly direction across Fourth
street.   At about 11 o'clock in the morning, an engine
known as "No. 61" was taken from the roundhouse
for the purpose of hauling out a special train.   It was
headed eastward, and was backed westward on the
roundhouse track, thence over a connecting track to
track number 2.   At that time an engine known as
"Engine No. 561" was moving eastward on that track,
and to avoid it, engine number 61 was backed eastward
until it had cleared the connecting track mentioned,
and stopped.   Engine number 561 was run from track
number 2 over the connecting track onto the roundhouse

track. When track number 2 was cleared, engine number 61 was backed westward over it. At a point about one hundred feet west of the connecting track, the tender struck Keefe as he was standing on the track near the north rail, and knocked him down. He was run over and crushed, and dead when the engine was stopped.

The plaintiff claims that the accident was caused by negligence and want of care on the part of defendant in operating the engine. That is denied by defendant. There is much conflict in the evidence, but some of it tended to show, and the jury could have found that it established, the following: Engine number 61 was moved slowly, and its bell was rung constantly after engine number 561 passed, and until after the accident occurred. A few moments before Keefe was struck he was stooping over, and appeared to be doing some work with his shovel, but after the tender was within ten or fifteen feet of him he was standing erect, looking westward, and doing nothing else. Had he been attentive to his surroundings, he could easily have heard engine number 61 as it approached, and avoided it. There was nothing to prevent him from both seeing and hearing it from the time it was passed by engine number 561 until it reached him. He was familiar with the kind of work done in the yard, and with the movement of engines. It is certain that he was in a place of danger. The presence of the tracks, and cars thereon, and the movement of engines, were constant warnings to him of danger. It is the duty of persons employed in such places to be reasonably diligent in guarding against accidents, and especially to observe and keep out of the way of moving engines and cars. They have no right to rely wholly upon the persons in charge of them to prevent accidents, but must use due care to avoid danger. These rules are founded upon the necessities of the business of operating rail-

ways. They are reasonable and just, and are fully sustained by the decisions of this and other courts. *Collins v. Railway Co.*, 83 Iowa, 346, 49 N. W. Rep. 848; *Magee v. Railway Co.*, 82 Iowa, 250, 48 N. W. Rep. 92; *Haden v. Railway Co.*, 48 N. W. Rep. (Iowa) 733; *Elliott v. Railway Co.*, 150 U. S. 245, 14 Sup. Ct. Rep. 85; *Aerkfetz v. Humphreys*, 145 U. S. 418, 12 Sup. Ct. Rep. 835. The jury would have been justified in finding that the negligence of Keefe contributed to the accident.

Notwithstanding that fact, the district court charged the jury as follows: "(17) If you find from the testimony that the track upon which the engine was backing was a straight one, and that the accident happened in broad daylight, that there was no object on the track that would prevent the engineer or fireman from seeing the said Keefe, and that the said Keefe was visible, then, and on your so finding, you are instructed that it was their duty to see him, and to have observed whether or not he was getting out of the way of the approaching engine; and their failure to see him would be a want of ordinary care on their part, and the defendant would be liable, provided that by the exercise of ordinary care in looking they could have seen said Keefe in time to see he was not getting out of the way, and by his actions to know that he did not appear to observe or know of their approach, and that they had time, after they had seen him, or by the use of ordinary care could have seen him, to have sounded the whistle or stopped the engine before striking and injuring the said Keefe, from which injury he died." Objection is urged to this for the reason that it made the defendant liable for the failure of its engineer and fireman to use ordinary care to discover Keefe in time to have avoided the accident without regard to contributory negligence on his part. We are of the opinion that the objection is well founded. It is a well-established rule of this

state that there can be no recovery for damages caused by negligence to which the person injured contributed. But when the negligent act which causes an injury is done after the negligence of the injured party is known to the other party, and the injury could have been avoided by the exercise of reasonable care on his part, there is an exception to the general rule, and the contributory negligence of the injured party will not defeat a recovery. *Morris v. Railway Co.*, 45 Iowa, 29; *Deeds v. Railway Co.*, 69 Iowa, 164, 28 N. W. Rep. 488; *Romick v. Railway Co.*, 62 Iowa, 167, 17 N. W. Rep. 458; *McKean v. Railway Co.*, 55 Iowa, 192, 7 N. W. Rep. 505; *O'Rourke v. Railway Co.*, 44 Iowa, 531; *Cooper v. Railway Co.*, 44 Iowa, 138; *Spencer v. Railway Co.*, 29 Iowa, 55. This exception depends upon the failure of the person who is sought to be made liable for the injury to use reasonable care to avoid it after the negligence of the other party is known. It is not sufficient that means of knowledge were available, and not used, unless in an exceptional case. To hold the defendant liable for the failure of its employees to use due care to ascertain the danger which Keefe was in, without regard to his negligence, is to make the defendant absolutely liable for its failure to exercise due care, and to ignore the doctrine of contributory negligence. The care necessary to have discovered the presence of Keefe on the track was only a part of that which was due from the defendant to warn him of his danger, and to avoid injuring him. It can not be regarded as a separate and distinct duty. The conclusion we have reached makes it unnecessary to determine other questions presented in argument. The court erred in giving the seventeenth paragraph of the charge, and the facts disclosed by the record are such that the error may have been prejudicial. The judgment is REVERSED.