MARY BUELOW, Adm'r, v. THE CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellant.

Contributory Negligence: RAILROAD YARD. One who goes upon a track in said yard and without excuse fails to look and listen, contributes to an injury received from cars making a "running switch," and there can be no recovery though those cars were run negligently. *Clampit v. R'y Co.*, 84 Iowa, 73, distinguished.

*Appeal from Dubuque District Court.—*HON. FRED O'DONNELL, Judge.

THURSDAY, OCTOBER 18, 1894.

ACTION at law to recover damages alleged to have been caused by negligence upon the part of the defendant, which resulted in the death of the plaintiff's intestate. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.—*Reversed.*

*Lyon & Lenehan* and *Lusk, Bunn & Hadley* for appellant.

*Henderson, Hurd, Daniels & Kiesel* for appellee.

ROBINSON, J.—In September, 1891, the defendant operated a railway in this state, and had a station and grounds in the city of Dubuque. In those grounds were several tracks, which extended from the northeast, in a direction west of south, from Thirteenth to Eighth streets. The grounds were much used by laborers in passing to and from their work, several hundred going through them in a single day. Fred Buelow resided north of the grounds, and worked in a lumber yard southwest of them, on Ninth street. In the morning of the thirtieth day of the month named, he started

from his home to go to the lumber yard, and on his way went onto the grounds and among the tracks of the defendant, although he could have avoided them, and reached his destination, by walking a short distance further on the streets of the city. When he arrived there, a switching crew of the defendant was engaged in moving three cars, which stood on what is known as a "transfer track" at the crossing on Thirteenth street, southward onto the main line to Eleventh street. In accomplishing that object, the switch engine, which was headed to the north, was run from the south to the cars, a coupling was made, and the engine was backed southward with them. When near Twelfth street the engine was uncoupled, its speed was increased, and it left the cars, continuing southward on the transfer track, its bell being sounded at the time. Just south of Twelfth street was a switch, which was thrown after the engine had passed it, and the cars were thus transferred to the main line, which was west of the transfer track. They were moving at a speed variously estimated to be from six to ten miles an hour, and no one was upon or with them. At that time Buelow was on the transfer track, and, just before the engine reached him, he stepped across to the main line; and while on that, he was struck by the first of the moving cars, his legs were run over and cut off, and he died within a few hours from the effects of the injuries received. The plaintiff seeks to recover damages caused by the accident.

It may be conceded for the purposes of this appeal that the defendant was negligent in moving the cars in question at too high a rate of speed, with no one in control of them, in a locality in which it had reason to know there might be numerous pedestrians on and near the track. None of its employees knew of the danger of Buelow in time to avoid the accident, and

the question of chief importance to be determined is whether the decedent was guilty of negligence which contributed to the accident. The place to which he was directing his course was southwest of the spot where he was injured. The evidence in regard to the direction in which he was looking just before he was struck was conflicting; some witnesses stating that he was looking in the direction in which he was going, while others say that he was looking around toward the engine which was moving on the transfer track. But it appears clearly that he walked from the transfer track across to the main line, a distance of six feet or more, without looking for cars on the main line, or giving any attention to what might be approaching upon it. Nothing in the record tends to show that he was bewildered, confused, or excited, and nothing appears to excuse his omission to look for cars on the main line. A railway track is notice to those who would cross it to beware of danger, and it is their duty to look for approaching trains before attempting the crossing. *Sala v. R'y Co.*, 85 Iowa, 680, 52 N. W. Rep. 664; *Tierney v. R'y Co.*, 84 Iowa, 643, 51 N. W. Rep. 175; *Collins v. R'y Co.*, 83 Iowa, 346, 49 N. W. Rep. 848. See, also, *Keefe v. R'y Co.*, 92 Iowa, 182, 60 N. W. Rep. 503; *Magee v. R'y Co.*, 82 Iowa, 250, 48 N. W. Rep. 92. This rule is especially applicable in railway yards, where there are numerous tracks and where cars are switched and trains made up. Had the decedent exercised that reasonable and ordinary care which was demanded by his surroundings, he would have escaped injury; and the conclusion, from the record presented to us, is irresistible that his own negligence contributed to the accident which caused his death. In *Clampit v. R'y Co.*, 84 Iowa, 73, 50 N. W. Rep. 673, relied upon by the appellee, the person injured was not negligent. He stopped and looked for cars before stepping on the

track, but saw none.  We find it unnecessary to determine whether the defendant was in fact negligent, or whether the deceased was a trespasser in its yards. The same is true of other questions discussed.  For the reasons shown the judgment of the district court is REVERSED.