THOMAS ORR v. THE CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

**Street Railway:** CONTRIBUTORY NEGLIGENCE.   Those crossing a street railway are not held to the degree of care required in crossing a steam railroad, and whether there was contributory negligence, where there is any conflict in the evidence, is peculiarly a jury question in street railway cases.

SAME: DUTY AFTER OBSERVING CONTRIBUTORY NEGLIGENCE.   Where motoneer saw plaintiff when the car was a block from the crossing, observed that he was heedlessly approaching the crossing without regard to warnings given, and yet did not use ordinary care to avoid injuring him, the defendant is liable without regard to plaintiff's negligence in failing to look for an approaching car.

SAME: INSTRUCTION CONSTRUED.   It was charged that "defendant cannot avoid liability if you find from the evidence that plaintiff, at the time in question was in a perilous position and that those in charge of the car *saw* plaintiff and knew that he was in *peril, or might have so known by the use of ordinary care,*" and then failed to use "ordinary care to prevent injury to plaintiff."   *Held,* the italicized phrase refers to "peril" and not to "saw," and so construed, the charge was right.

**Practice:** EVIDENCE.   It is proper to strike out testimony that the witness "supposed" a warning gong was rung.   Also, that so far as he knew, the gong was not cracked.   Also, that defendant had contracted for cars that could run twenty miles an hour, the issue being whether the car was running at thirty.

HARMLESS ERROR.   Striking out matter already in the record without objection.   Defining "negligence" abstractly where other charges direct the consideration of the circumstances in determining whether there was negligence.

94 423
95 308

94 423
103 418

94 423
104 566

94 423
106 253

94 423
108 46

94 423
118 392

94 423
119 64
119 532

94 423
120 658

94 423
126 238

94 423
128 214
128 390

*Appeal from Linn District Court.*—HON. J. H. PRESTON,
Judge.

SATURDAY, APRIL 6, 1895.

.   Action at law to recover damages for personal
injuries received by plaintiff in a collision with one of
defendant's cars at a street crossing in the city of
Cedar Rapids. The case was tried to a jury, verdict
and judgment rendered for plaintiff, and defendant
appeals.—*Affirmed.*

*Charles A. Clark* for appellant.

*Rickel & Crocker* for appellee.

Deemer, J.—The defendant is a corporation own-
ing and operating an electric street railway in the city
of Cedar Rapids. One of its lines runs along Third
street, from north to south; crossing, among other
streets, Sixth avenue, which runs east and west.
Between 7 and 8 o'clock in the morning of the twenty-
third day of January, 1892, plaintiff, who was riding
in an open, one-horse wagon, seated upon a high, spring
seat, came down Sixth avenue, with his horse on a trot,
going towards the west, in the direction of Third street.
The morning was cold, and quite a frost was hanging
to the trees and exposed places. The lots on the north
side of Sixth avenue are well occupied with dwellings,
and the east side of Third street, immediately north of
Sixth avenue, is lined with a row of large trees. The
view of Third street, north, coming west on Sixth
avenue, is therefore very much obstructed; and except
at but one place, which is but two or three feet wide,
but little of Third street can be seen until the trav-
eler has progressed far enough west on Sixth ave-
nue to pass these obstructions to his vision. Plaintiff

claims that, while in the exercise of due care on his part, he attempted to cross Third street, and, while in the act of so doing, his wagon was struck by a passing car on defendant's line of road, and he was hurled to the ground with great force, which resulted in serious and permanent injuries. He charges that the defendant was negligent in running the car at a great rate of speed, to-wit, thirty miles per hour, and in failing to ring the bell or sound the gong, or give other signals of the approach of the car, and in failing to slow up the car as it came to the crossing. And he further avers that the defendant's employes saw plaintiff was upon the crossing long before the car struck his wagon, and that they did not apply the brakes, or make any attempt to stop the car, but carelessly and negligently ran the plaintiff down after discovering his position. The defendant denied each and all of these charges. The case was tried to a jury, and it returned a verdict for plaintiff, on which judgment was rendered, and defendant appeals.

Error is assigned upon the instructions given, the instructions refused, and rulings in the admission and rejection of testimony.

Complaint is made of the fourth instruction, defining "negligence," because, while it is admitted the rule announced is good, as far as it goes, yet as it does not confine the acts done, or admitted to be done, to the circumstances of the case, it is erroneous. If this were the only instruction given by the court upon the subject, we would be inclined to agree with counsel, "for diligence is no fixed and unalterable standard of care. It is to be determined by the facts and circumstances of each particular case, and is as variable as the cases." But in subsequent instructions—notably, the fifth—the jury were plainly and clearly directed to consider all the circumstances

shown in evidence, in determining the question of the
defendant's negligence.  That all the instructions
given should be taken and construed together is a rule
too well established to require the citation of authori-
ties.  And if, when so construed, they announce cor-
rect rules of law, there will be no prejudice, even if one
of them, taken alone, might be said to be incomplete,
and therefore erroneous.  There is no conflict in the
instructions relating to this subject.  They are related
one to the other.  One is simply explanatory of, and
should be construed with, the other.  There was no
error, then, in the fourth instruction.

II.  At the close of plaintiff's testimony, defend-
ant moved for a verdict because the plaintiff had failed
to show that he did not, by his own fault, contribute
to the injury.  There was a serious dispute in the testi-
mony regarding the question as to whether the bell on
the car was sounded before reaching the crossing, as
to whether plaintiff looked and listened for the car
before attempting to cross the track, and also regard-
ing the speed of the car.  And we think, in view of all
the testimony, it would have been error to have taken
the case away from the jury on the grounds stated in
the motion.  We are not prepared to say that the
degree of care required of one in attempting to cross
a street-railway track is the same as that required in
crossing steam railways.  Indeed, we think that what
would amount to negligence in the latter case, might
not be so regarded in the former.  In the former
case the question is peculiarly one of fact, for
the jury.  Beach, Contrib. Neg., section 290;
Thompson Neg. 396, 397, and the authorities cited.

III.  A witness was called who saw plaintiff as he
was crossing the street, and she testified that when she

saw him she thought he could not get across ahead of the car. This testimony as to her thought about the matter was stricken out on motion of plaintiff. While the ruling may have been erroneous, yet it was error without prejudice, for the witness had previously testified to the same matter without objection. Another witness was asked as to the ringing of the bell before the collision, and he testified it was rung. He then stated he supposed it rang more than once. His supposition was stricken out, and properly so. Another witness testified that, so far as he knew, the gong on the motor was not cracked. This was stricken out, and the court was right in so doing. If it was error, it was cured by the very next answer of the witness, in which he said that, so far as he knew, there was nothing the matter with the gong. Witness Elsom testified that the company contracted with the manufacturers of the cars for such as could run twenty miles an hour, and this was stricken out. The ruling was right. We see no errors whatever in the rulings on the testimony.

IV. The court instructed the jury, in the seventh paragraph of its charge, as follows: "If, under all the evidence and the foregoing instructions, you find that the plaintiff was negligent, still the defendant cannot avoid liability if you find from the evidence that plaintiff, at the time in question, was in a perilous position, and that defendant's employe in charge of said car saw plaintiff, and knew the fact that he was in peril, *or might have so known by the use of ordinary care*, and thereafter failed to use ordinary care to stop said car and prevent injury to plaintiff; and if you further so find that, by the use of ordinary care, defendant's said employe in charge of said car, under such circumstances, could have avoided any injury

which you so find plaintiff may have sustained, then the plaintiff will be entitled to recover, and you will find for plaintiff. If you fail to so find, then, upon this part of the case you will find for the defendant." It is strenuously insisted that this is erroneous. It first becomes necessary to analyze the paragraph. The words italicized are the ones complained of, and we inquire, to what do they refer? If they refer to the word "saw," then there is little doubt in our minds but that the instruction is erroneous. But if they refer to "peril," then a much different question is presented. We think a careful reading of the instruction clearly indicates that they refer to the latter word, and that the latter part of the phrase should be read thus: "And that defendant's employe in charge of the car saw plaintiff, and knew of the fact that he was in peril, or might have known he was in peril after he saw him, by the use of ordinary care, and thereafter failed to use ordinary care to stop the car and prevent injury to plaintiff," etc. With this interpretation, is the instruction erroneous? The motoneer testified that when he first saw plaintiff he was about a block away, and was driving over the sidewalk crossing at Sixth avenue, paying no attention to where he was going; that he sounded the gong when he first saw plaintiff, to which plaintiff gave no heed; that plaintiff was going very slowly from the sidewalk crossing to the street-car track, and then suddenly whipped up his horses, but went very slowly over the track. He also testified that he tried to stop the car, and reversed the electric current, when he discovered plaintiff was in danger, and that he thought plaintiff was in danger when the car was in a few yards of him. This witness also testified that plaintiff tried to go where the electric street-car company had the right of way, and attempted to cross the track. It is apparent from this testimony

that the motoneer in charge of the car which caused the accident saw plaintiff was paying no attention to the approaching car, and was about to cross the track ahead of him heedlessly, and that he saw him in this position when the car was about a block away from the place where the collision occurred. There is other testimony in the case tending to show that the gong was not sounded, and no alarm given by those in charge of the car until about the time it struck the plaintiff's wagon, and that when it collided with the wagon it was running very fast. There was also evidence that the car, running at full speed, could have been stopped in from one hundred to one hundred and twenty-five feet. The jury were fully justified in finding from this testimony that the motoneer was negligent after he was fully aware that plaintiff was in a dangerous position. In the case of *Moore v. Railroad Co.*, 47 Iowa, 691, it is said: "The defendant asked an instruction to the effect that 'if, when the section hands on the car saw plaintiff, he was not on the track, then they were not bound to stop the car, or slacken the speed.' This was refused, and the ruling is assigned for error. It is clearly incorrect. If plaintiff was not, when first seen by the workmen, upon the track, but approaching it, with the *apparent intention of going upon it, without discovering the car, ordinary care required its speed to be checked.* The duty of those on the car required them to stop it if danger was threatened to plaintiff, whether he was *on the track, near to it, or approaching it.*" It is settled law in this state that plaintiff's negligence will not enable defendant to escape liability if the act which caused the injury was done by defendant after it discovered the plaintiff's negligence, and if the defendant could have avoided the injury, in the exercise of reasonable care. *Morris v. Railroad Co.*, 45 Iowa, 29; *Deeds v. Railroad Co.*, 69

Iowa, 164; *Romick v. Railway Co.*, 62 Iowa, 167; *McKean v. Railroad Co.*, 55 Iowa, 192; *O'Rourke v. Railroad Co.*, 44 Iowa, 531; *Cooper v. Railroad Co.*, Id. 138; *Spencer v. Railroad Co.*, 29 Iowa, 55. In the last case cited the rule is stated as follows: "One who is injured by the mere negligence of another cannot recover any compensation for his injury if he, by his own ordinary negligence or willful wrong, contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him, except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use proper care to avoid the consequences of such negligence." These cases simply elucidate the well-known exception to the rule of contributory negligence first definitely announced in the case of *Davies v. Mann*, decided in 1842, and reported in 10 Mees. & W. 546. The doctrine of this case has been severely criticised, as illogical, and as frittering away the wholesome rule that one who, by his want of ordinary care, directly contributes to his injuries, cannot recover for the negligence of another. While there is much force in some of these objections, yet the case has been followed so frequently in this state as to be firmly embodied in its jurisprudence. We will not attempt a disquisition upon the reasons for this exception to the rule of contributory negligence, and will content ourselves by saying that it is grounded upon at least two propositions: *First*, in such a case the plaintiff's negligence is only the remote cause of the injury he sustains, and is not contributory negligence; *second*, contributory negligence is no bar to an action for willful injuries. Now, the instruction in question, in effect, says that if the jury found that plaintiff was negligent in going upon the track in the manner he did, and that defendant's

employe in charge of the car saw him there, and in a position of peril, and, having so seen him, knew he was in peril or ought to have so known, by the use of ordinary care, and thereafter failed to use ordinary care to avoid injuring the plaintiff, then the company would be liable. It seems to us that this instruction is in strict accord with *Davies v. Mann* and the other authorities cited. It does no more than hold defendant responsible for the failure of its employes to use ordinary care after they saw plaintiff upon the track, and in a position of peril. It will not do to say that the accident was due to an error in judgment on the part of the motoneer in determining when plaintiff was in peril. He had his eyes upon plaintiff from the time he crossed the sidewalk. He knew that plaintiff was, as he says, paying no attention to the car. He saw him heedlessly drive upon the track, and in a position of peril. If he failed to use ordinary care to avoid injuring him after he saw plaintiff's want of care, the company is responsible, and the motoneer cannot be heard to say that he did not know plaintiff was in peril. Negligence is quite frequently nothing more than an error of judgment. Indeed, it is difficult to divorce one from the other. Negligence differs from wantonness or willfulness, in that a mistake of judgment, unless very gross, may never amount to the latter. But we have never held, in this state, that, to render one liable for injuries done to one who is guilty of contributory negligence, he must have acted wantonly or willfully. The thought of the instruction is that if an engineer or motoneer sees one in a perilous position, in front of his car, his active duty then commences, and he is compelled to use ordinary care to avoid injuring him; and that, having seen him in a perilous position, the jury were justified in finding, as a matter of law, that the motoneer knew he was in peril, when a man placed in

his position, in the exercise of ordinary care and prudence, ought to have so known. The instruction, so construed, is correct. The case is entirely unlike *Keefe v. Railway Co.*, 92 Iowa, 182; *Burg v. Railway Co.*, 90 Iowa, 106; *O'Keefe v. Railroad Co.*, 32 Iowa, 468.

What we have said answers the point made by defendant that the court erred in refusing the second instruction asked by it. We discover no prejudicial error, and the judgment is *affirmed*.