RICHARD WALLACE'S ADMR. *v.* DAVID FOX, RECEIVER OF THE RUTLAND STREET RAILWAY COMPANY.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 7, 1908.

*Master and Servant—Injury to Servant—Trackman Struck by Car—Contributory Negligence.*

A trackman was guilty of contributory negligence barring recovery for his death caused by being struck by a sprinkling car, running "extra" on a street railroad where he was working with a shovel repairing the track, it appearing that he was a trackman of long

experience, employed in that capacity on this road for two years; that he was in full possession of his senses of sight and hearing, and had an unobstructed view of the track for 200 to 300 feet, and knew that, in addition to the regular schedule of one car every 15 minutes, extra ones were likely to be running; and it being understood that cars would not run slower because of trackmen at work, unless signalled by them, which was not done on the occasion in question, though a train making some noise was then passing on a nearby steam railroad.

CASE for death by wrongful act. Plea, the general issue. Trial by jury at the March Term, 1907, Rutland County, *Waterman, J.*, presiding. Verdict directed for the defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*Lawrence & Lawrence*, and *B. L. Stafford* for the plaintiff.

While the employee assumes the risks ordinarily incident to the business, he does not assume an extraordinary or unusual risk, arising or existing by the negligence of the employer, unless he knows and comprehends that risk. *Place* v. *Grand Trunk Ry.*, 80 Vt. 202; *Dunbar* v. *Central Vt. Ry. Co.*, 79 Vt. 474; *LaFlam* v. *Missisquoi Pulp Co.*, 74 Vt. 125; *Texas etc. Ry. Co.* v. *Archibald*, 170 U. S. 665; *Choctaw etc. R. R. Co.* v. *McDade*, 191 U. S. 64; *Shattuck* v. *Central Vt. Ry. Co.*, 79 Vt. 469.

The contributory negligence of fellow servants does not relieve or mitigate the liability of the master where his negligence has in any part caused the injury. *Grand Trunk Ry. Co.* v. *Cummings*, 106 U. S. 700; *Felton* v. *Harbison*, 104 Fed. 737; *C. & N. W. R. Co.* v. *Sweet*, 45 Ill. 197.

It is submitted that there is room for opposing inferences as to deceased's contributory negligence, and hence that it was error to direct a verdict for defendant on that ground. *Boyden* v. *Fitchburg R. R.*, 72 Vt. 89; *Fertel* v. *Peck*, 80 Vt. 351; *Howrigan* v. *Bakersfield*, 79 Vt. 253; *Hill* v. *New Haven*, 37 Vt. 510.

*Butler & Moloney* for the defendant.

This was one of the ordinary risks which Wallace assumed when he engaged to work for the defendant, which he knew and

comprehended at the time. It was so plainly observable that he must be taken to have known and comprehended it, but if not, the burden was on him to show that he did not. *Dunbar* v. *C. V. Ry. Co.*, 79 Vt. 476; *Carbine* v. *Rutland R. R. Co.*, 61 Vt. 348.

It is uniformly held to be the duty of a trackman to look out for approaching trains, and the driver of such train is never under a duty to stop for trackmen unless some special danger is apparent. *Huffard* v. *Ill. Cen. Ry. Co.*, 46 A. & E. R. C., N. S. 236; *Eipstin* v. *Mo. R. Ry. Co.*, 45 A. & E. R. C., N. S. 295.

WATSON, J. This is an action on the case under the statute brought by the administrator of the estate of Richard Wallace, deceased, for the benefit of his wife and next of kin, alleging that his death was caused by the wrongful and negligent act of the defendant. At the trial it appeared that the decedent on August 2, 1905, was at work for the defendant as a section man on the track operated by the defendant as receiver; that while so at work he was struck by one of the cars being run over the road, and from the injuries thus received died within a few hours thereafter.

At the close of the evidence the defendant moved for a verdict on the ground (1) that the evidence discloses no negligence on the part of the defendant; (2) that the decedent was guilty of negligence contributing to the accident; (3) that if there was any negligence contributing to the accident other than that of the decedent, it was the negligence of a fellow servant; (4) that the decedent assumed the risk. Thereupon a verdict was directed for the defendant. The sole question here is, Was this error?

Only the question of contributory negligence need be considered in affirming the judgment. On the day of the accident the decedent and five others under like employment were putting in new ties along as the track needed, being at the time of the accident at work about a mile westerly of the company's passenger station in the city of Rutland, and just over and westerly of the small elevation of hill immediately west of the highway crossing known as the Chaffee crossing. The foreman and two others were at work quite near the top of this elevation. The decedent, 105 feet westerly of the foreman, was at work with

a short handled shovel, leveling the roadbed between the rails. While thus engaged he was necessarily somewhat stooped or bent over and obliged to change his position, frequently turning one way and the other and facing in all directions. Construing the evidence in the light most favorable to the plaintiff, the decedent did not see or hear the approaching cars, and was at work until struck by them—straightened up just as the car hit him. The tracks of the Rutland Railroad and of the Delaware & Hudson Canal Company run parallel with the street railway in that locality for a considerable distance, and southerly about thirty to fifty feet therefrom. At the time in question, for the purpose of sprinkling the roadbed between West Rutland and Fair Haven, a flat car with a tank on it five feet high and eight feet in diameter filled with water to within one foot of the top, was being run over the road westerly in front of a passenger or motor car. . The flat car had no brakes, and nothing by way of a fender in front to guard against accidents. It could have been run at either end of the motor car, in front or behind it. The motor car had a foot gong to be sounded by the motorman, but the flat car had no attachment with which to give warning. The tank completely obstructed the motorman's view of the track ahead, and so another employee rode on the front end of the flat car, standing up, to signal the motorman in case of danger. The latter was obliged to rely upon the signals so given. As the sprinkling car came near where some of the section men, including the foreman were, they moved out of the way, the latter shouting to the trackmen west of them to call their attention to the car. The decedent was 105 feet west of the place of the foreman, but there is no evidence tending to show that he heard the latter's warning, although other trackmen thirty-five or forty feet further away in the same direction did hear it. The decedent was then working with a shovel around the track and, giving the evidence the most favorable view to the plaintiff, thus continued until he was hit by the car, not seeing it nor knowing of its approach in season to avoid injury. At that time a train was passing on the track of one of the steam railroads and making some noise. The two cars in question when on top of the hill were running ten miles an hour, but in response to signals first to slow down, and next to stop, given to the motorman by the man riding in front of the tank, the speed was slackened to six

or seven miles an hour at the time the decedent was hit, and a full stop made about 100 feet further west.

From where the decedent was at work there was an open and unobstructed view of the track for a distance of between 200' and 300 feet to the east. The decedent was in full possession of his senses of sight and hearing. He was a man of large experience as a trackman, had been employed in that capacity on that same road for two years or more, and knew of the frequency of the cars passing over it. The regular cars by schedule ran once in fifteen minutes, and in addition thereto more or less extra ones some of which were used in keeping the roadbed in repair. The "sprinkler" was of the last named class. It was understood by the section men and by the motormen that cars would not be run slower nor stopped because of trackmen at work on the track unless signalled by the latter to do so. In this instance no signal was given.

Knowing of the great frequency of cars run and likely to be run over that road it was the duty of the decedent when working thereon as a trackman to keep a lookout for approaching cars and to be out of the way of the same. Had he been reasonably diligent in the performance of this duty he would have seen the two cars in ample season to avoid injury. Instead thereof he wholly disregarded it, and therein he was guilty of negligence which contributed to the accident and prevents a recovery. *Hoffard* v. *Illinois Cent. Ry. Co.*, 46 A. & E. R. Cas. 236; *Keefe* v. *Chicago & N. W. Ry. Co.*, 92 Iowa 182, 54 Am. St. Rep. 542; *Eliot* v. *Chicago, M. & St. P. R. Co.*, 150 U. S. 245, 37 L. ed. 1068; *Aerkfetz* v. *Humphreys*, 145 U. S. 418, 36 L. ed. 758.

*Judgment affirmed.*