EVANS v. THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY.

1. Practice: EXCEPTION. A failure to except to the giving or refusing to give instructions before the jury retires is considered an approval of the charge given by the court.

2. Railroads WHERE CATTLE MAY GO. The owner of cattle is not rendered liable for trespass by allowing them to go upon a railroad where it is unfenced, at private crossings or at other places where such right arises by a general use, with the implied assent resulting from the clear knowledge of such use and the failure to object.

Evans v. The Burlington and Missouri River Railroad Company.

*Appeal from Jefferson District Court.*

SATURDAY, DECEMBER 8.

THIS suit is brought to recover double the value of plaintiff's stock, killed by the defendant on its track, notice of the claim having been given thirty days before suit brought, as provided by section six, chapter 169 of Laws of 1862. There was a jury trial, and verdict for plaintiff. The defendant appeals.

*David Rorer* for the appellants.

*Slagle & Acheson* for the appellee.

COLE, J.—On the trial of this cause, after the evidence was closed, the attorneys for the respective parties asked
1. PRACTICE: the court to give certain instructions to the
exception. jury. The court gave all that were asked by the attorney for the defendant except the following: "That no person has a right to cross or go upon the railroad track or right of way or cross the fences except at public crossings." This instruction was not marked "refused," nor did the court expressly or directly refuse to give it, but simply overlooked it. The omission to give this instruction is the only error assigned. There was no exception taken to the failure to give the instruction as asked until after the jury had returned their verdict; nor was its omission noticed by the defendant's counsel till then. The failure to except before the jury retires is deemed an approval of the charge. Rev., § 3059.

The fact that the court overlooked the instruction, as asked, does not excuse the attorney of the party from making the exception at the time required. If the exception had been duly taken, the error, if any, could have

Evans v. The Burlington and Missouri River Railroad Company.

been avoided. The object of the statute, requiring the party to except before the jury retired, was to prevent him from taking advantage of his silence or negligence.

After the verdict was returned, the defendant moved for a new trial on the ground of the court's omission to give the instruction above quoted. This motion was overruled and the defendant duly excepted.

The ground of this motion was, of course, error of law occurring at the trial. But, in order to make such error available on a motion for a new trial, it must have been excepted to by the party making the application. Rev., § 3112, subd. 8. This error, if any, as we have seen, was not excepted to by the defendant, and hence not available to him.

But, aside from these questions of practice, it is very clear that it would not have been error if the instruction 2. RAILROADS: had been refused, and such refusal duly where cattle may go. excepted to. The right to allow stock to go upon the unfenced track of a railroad company without the owner being liable in trespass therefor was recognized by this court in *Alger* v. *Mississippi & Missouri Railroad Company* (10 Iowa, 268); see, also, *Bartlett* v. *Dubuque & Sioux City Railroad Company* (20 Iowa, 188); *Russell* v. *Hanley* (Id., 219). And, of course, such right exists at *private* crossings as well as at *public* crossings, and it might also arise and exist at any other place by a *general use* with the implied assent, resulting from the clear knowledge of such use and failure to object by the company. The instruction wholly fails to make any distinction between fenced and unfenced track, as well as between public and private crossings. For these reasons, it could not properly have been given as asked.

Affirmed.