RICHARD .M. CLAMPIT, Appellee, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellant.

1. **Railroads**: CROSSING: LICENSE: PERSONAL INJURY. Where stairs were constructed down an embankment or bluff by the side of a railroad track by persons having occasion to cross said track on their way to their several occupations, from day to day, and a crossing over the ditch by the track was made of railroad ties, and the stairs and

crossing were used by pedestrians in crossing said track for a considerable time without opposition on the part of the railroad company, or the erection of any fence or other obstacles to prevent such use, though the same was known to the company's employes, *held*, that the conduct of the company amounted to a license to cross its track at such point, and that one, who was injured through the negligence of the company while crossing its track at such point, was entitled to recover damages therefor.

2. ———: NEGLIGENCE: EVIDENCE. It appearing that the plaintiff, before crossing the defendant's track, stopped and looked each way for cars, and saw none, that the engine which struck the plaintiff was running backwards at a high rate of speed, forbidden by the city ordinance, that neither the engineer nor the fireman was looking out upon the side of the track the plaintiff was approaching, and that no whistle was sounded, and the evidence was conflicting as to whether the engine bell was rung, *held*, that the evidence was sufficient to support a verdict for the plaintiff, and that the defendant's motion for a verdict was rightly overruled.

3. ———: CROSSING: EVIDENCE. The plaintiff's petition alleged that the crossing in question was used as "a public crossing or footway for footmen." *Held*, that evidence was properly admitted tending to show that the crossing had been used for a considerable time by pedestrians.

4. ———: NEGLIGENCE IN RUNNING ENGINE: EVIDENCE. For the purpose of showing that the engine in question was run without sufficient watchfulness, *held*, that the plaintiff was properly permitted to testify that at the time the injury was received he saw no one upon the rear end of the tender, thus negativing any excuse for the alleged negligence of the engineer and fireman.

5. ———: ———: INSTRUCTIONS TO JURY. The purpose of the operation of the engine being alleged in the petition, *held*, that an instruction, that the engine was "run and operated substantially as alleged," would not be understood by the jury as informing them that the defendant was negligent, when in another instruction they were directed that they must find that the defendant was negligent to entitle the plaintiff to recover.

6. ———: ———: DAMAGES: GENERAL VERDICT. The defendant having failed to ask of the jury special findings upon the several items of damage alleged in the plaintiff's petition, *held*, that it had no ground to complain that only a general verdict was rendered.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, DECEMBER 16, 1891.

ACTION to recover for personal injuries sustained by the plaintiff by reason of a locomotive, operated by the defendant, striking him when he was crossing on foot the railroad whereon the engine was running. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*A. J. Baker*, for appellant.

*Smith & Morris*, for appellee.

BECK, C. J.—I. The plaintiff, a carpenter, in going from his house, in Des Moines, to the place where he was .employed in the same city, was accustomed to cross the Des Moines Union railway, which was used by the defendant in transporting its cars to its station-house in Des Moines. The crossing of the railway tracks was made by the plaintiff on foot, at a place much used by pedestrians, just at the foot of a bluff or bank which was approached by a stairway constructed by persons using the footway. While crossing the railway, when going to his work, according to his custom, he was struck by an engine and seriously injured.

II. Counsel for the defendant maintains that the plaintiff was not rightfully upon the railway track, and

**1. RAILROADS: crossings: license: personal injury.** was a trespasser when he received the injury, and, therefore, cannot recover in this action. The place where the accident occurred was in the city of Des Moines, and was daily used by a number of persons employed at the pork-house and other places in that part of the city, in going to and returning from their work. It had been used for a considerable time by such persons and others, who, or some of whom, as we have just stated, constructed a stairway down by the track for their own use, and for other pedestrians using the footway. A crossing of the ditch near the track was constructed,

by whom is not shown, of railroad ties, and was used until just before the accident. It is shown that pedestrians crossed the track at other places, just as they always do when the track is not fenced or other impediments are not in the way to prevent them from doing so. There were no fences along the road, and nothing to prevent all persons desiring to do so crossing the road freely. The defendant and the railroad company owning the track, or either, had in no manner forbidden the crossing of the track by footmen, and had thrown no obstacles in their way. The fact that the place at the stairs was used as a crossing by pedestrians, who also crossed at other places near by, was known by the employes of the defendant, and by the engineer who operated the engine which struck the plaintiff. The stairway and the ties across the ditch, as well as the path made by footmen, prominently advertised the place as a crossing used by pedestrians. No engineer or fireman passing along the tracks at that place with his eyes open, in the exercise of reasonable watchfulness and care, could have failed to see these indications of a footpath, and to understand therefrom that it was used by pedestrians, if he possessed ordinary intelligence. The defendant and the railroad company owning the track, having through their employes and officers knowledge of the use of the footpath crossing, and having made no objections thereto, nor erected fences, walls or other obstructions to such use, will be presumed to assent to it, thus giving all who use the crossing license therefor. The plaintiff, therefore, was not a trespasser upon the railroad track, but is entitled to all the rights and protection of one rightfully upon it with the license of the defendant. He may recover for injuries resulting from the defendant's want of care, if not contributing thereto by his own negligence. In support of these views, see the following cases: *Donaldson v. Mississippi & M. Ry. Co.*, 18 Iowa, 280; *Murphy v. C. R., I. & P. Ry. Co.*, 38 Iowa, 539; *Evans*

*v. Burlington & M. R. Ry. Co.,* 21 Iowa, 374; *Townley v. Chicago, M. & St. P. Ry. Co.,* 53 Wis. 626; 11 N. W. Rep. 55; *Davis v. Chicago & N. W. Ry. Co.,* 58 Wis. 646; 17 N. W. Rep. 406; *Barry v. New York, C. & H. R. Ry. Co.,* 92 N. Y. 289; *Byrne v. New York, C. & H. R. Ry. Co.,* 104 N. Y. 362; 10 N. E. Rep. 539; *Kay v. Pennsylvania Ry. Co.,* 65 Pa. St. 269; *Troy v. Cape Fear & Y. V. Ry. Co.,* (N. C.) 6 S. E. Rep. 77; 34 Amer. & Eng. R. R. Cas. 13, and cases cited in notes; *Virginia M. Ry. Co. v. White's Adm'r,* (Va.) 5 S. E. Rep. 573; 34 Amer. & Eng. R. R. Cas. 22; *South & N. A. Ry. Co. v. Donovan,* (Ala.) 4 South. Rep. 142; 36 Amer. & Eng. R. R. Cas. 151; *Pennsylvania & R. Ry. Co. v. Troutman,* 11 Wkly. Notes Cas. 453; 6 Amer. & Eng. R. R. Cas. 117; *Taylor v. Delaware & H. Canal Co.,* (Pa. Sup.) 8 Atl. Rep. 43; 28 Amer. & Eng. R. R. Cas. 656; *Bellefontaine & I. Ry. Co. v. Snyder,* 18 Ohio St. 399; *Harriman v. Pittsburg, C. & St. L. Ry. Co.,* (Ohio Sup.) 12 N. E. Rep. 451; 32 Amer. & Eng. R. R. Cas. 37; *Stewart v. Pennsylvania Ry. Co.,* (Ind.) 14 Amer. & Eng. R. R. Cas. 679, and cases cited in notes; Shearman & Redfield on Negligence, 493; Patterson on Railway Accident Law, 178.

III. But if the plaintiff, when he was injured, was upon the track without right or license, this did not relieve the defendant from the duty of exercising proper care to avoid the accident, and, if it occurred through the defendant's negligence, it is liable. *Isabel v. Hannibal & St. J. Ry. Co.,* 60 Mo. 480; *Harlan v. St. Louis, K. C. & N. Ry. Co.,* 65 Mo. 22; *Hicks v. Pacific Ry. Co.,* 64 Mo. 430; *Brown v. Hannibal & St. J. Ry. Co.,* 50 Mo. 461; *Pennsylvania Ry. Co. v. Lewis,* 79 Pa. St. 33; *South & N. A. Ry. Co. v. Donovan,* (Ala.) 4 South. Rep. 142; 36 Amer. & Eng. R. R. Cas. 151.

IV. The evidence fails to show negligence on the part of the plaintiff contributing to the injury, as

claimed by the plaintiff's counsel. He stopped and looked each way for cars, and saw none. It does not appear that any whistle was sounded. The engineer and fireman testify that the bell was rung, but the plaintiff states in his testimony that, while he was hard of hearing, he could readily hear an engine bell fifty yards, and that he heard none. The engine was running backwards, and neither engineer nor fireman was looking out on the side of the track he was approaching. The evidence tends to show that the engine was running at a high rate of speed, forbidden by the city ordinance. These considerations and others support the conclusion, doubtless reached by the jury, that the defendant is chargeable with negligence, and that the plaintiff did not contribute, by his own negligence, to the injury. The defendant's motion for a verdict was rightly overruled.

V. The plaintiff was permitted to introduce evidence, against the defendant's objection, tending to show that the crossing had been used for a considerable time by pedestrians. The defendant insisted that, under the issues, the plaintiff was restricted to showing that it was a public highway. The petition alleges that it was used as "a public crossing or footway for footmen," and was used by persons employed south of the railroad track, and who lived north of it. There is no allegation that it was a highway. The evidence was rightly admitted.

VI. The plaintiff was permitted to show, by his own testimony, that at the time of the injury he saw no one upon the rear end of the tender. This evidence is now the ground of complaint. The plaintiff aimed to show that the engine was run without sufficient watchfulness, and claims that the engineer and fireman did not watch. The evidence in question tends to prove that no other employe was watching, thus negativing an excuse for

*2. ——: negligence: evidence.*

*3. ——: crossing: evidence.*

*4. ——: negligence in running engine: evidence.*

the alleged negligence of the engineer and fireman. Counsel for the defendant think the evidence ought not to have been admitted, for the reason that the jury would understand that the absence of a man on the rear of the tender was negligence. So it would be, if the engineer and fireman did not keep a lookout, or, rather, their negligence in this regard would not be compensated by a watch on the rear of the tender. The evidence was rightly admitted.

VII. Various rulings upon the admission of evidence showing the character of the crossing; the number of persons using it; that it was not a highway crossing, such a crossing being four hundred feet from the stairs, etc.,—are made the ground of complaint. They were all in harmony with the views of the law which we have herein expressed, and are, therefore, correct.

VIII. The second instruction is complained of on the ground that it, in effect, directs the jury that the engine was operated negligently. It states

5. ——: ——:
instructions
to jury.

that the engine was "run and operated by the employes of the defendant substantially as alleged, and at the time and place substantially as alleged." The petition shows the purpose of the operation of the engine. In another instruction, the jury are directed that they must find negligence to authorize recovery. It is very plain that the language of the second instruction complained of was not intended to inform the jury that defendant was negligent, and doubtless they did not so understand it.

IX. Other rulings, in refusing and admitting instructions, are complained of by counsel for the

6. ——: ——:
damages:
general
verdict.

defendant. These rulings are not in conflict with the views we have expressed in this case, to the prejudice of the defendant. If they at all fail to accord with our views, they depart in the direction of the defendant's side of the case. Some of the instructions, we think, require more

proof to establish the plaintiff's right to use the crossing than is demanded by the law, and they hardly recognize fully the rights of the plaintiff to demand protection from negligence, in case he had no license or consent by the defendant to use the crossing. We are clearly of the opinion that the instructions are correct.

X. An amended petition, filed pursuant to a motion of the defendant for a more specific statement, stated various items of damages claimed. The verdict was general for one specific sum. This is now complained of by the defendant. But no request was made for special findings, so that it could be certainly determined as to the findings upon the several items claimed. It cannot be determined whether the findings on any items exceeded the amount thereof stated in the petition. It will be presumed that there was no such finding, and, as the defendant neglected its opportunity in the court below to demand findings as to damages, it cannot now complain of the verdict on the ground that it fails to show the amount of each item allowed in the verdict. The verdict, we think, is sufficiently sustained by the evidence, and is not excessive. We have not found it necessary to discuss, or even notice separately, each point made in the able argument of the defendant's counsel.

We dispose of the questions of law upon which these objections are based by a general discussion, which applies to the several points of counsel's argument. Any other course would have made this opinion unduly prolix. The judgment of the district court is AFFIRMED.