*Adoniram J. Cushing*, for petitioner.

*Nathan B. Lewis & Clarence A. Aldrich*, for respondents.

---

EFFIE M. ARMSTRONG *pro ami. vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

PROVIDENCE—APRIL 18, 1893.

Acquiescence in the use of a passage-way over a railroad for so long a time that the company may be presumed to have known and assented to such use, is all

that is required to charge it with the duty of exercising reasonable care for the protection of persons passing over such way across its tracks.

ACTION to recover damages for personal injuries.   Heard on demurrer to the declaration.

PER CURIAM.   The declaration avers that there was on the day of the accident, and long before that time, a passage-way or travelled road over and across the defendant's railroad and its tracks and beyond, used by the public in crossing and recrossing said railroad, which user had for a long time theretofore been acquiesced in by the defendant.

The defendant demurs to the declaration because it does not set forth definitely for how long a period the use of this travelled road had been acquiesced in by the defendant.

We are of the opinion that it was not necessary for the plaintiff to aver definitely the length of time that such user had been so acquiesced, but that the allegation of the declaration is sufficient.   Acquiescence in the use of the way for a length of time sufficiently long that the defendant may be presumed to have a knowledge of such use and to assent to it, is all that is required to charge it with the duty of exercising reasonable care for the protection of persons passing over such way across its tracks.   Paterson's Railway Accident Law, § 188, note 3.   *Clampit* v. *Chicago, St. Paul & Kansas City Railway Co.* 50 N. W. Rep. 673.

Demurrer overruled.

*Elisha W. Maguire & John D. Thurston,* for plaintiff.
*Walter B. Vincent,* for defendant.