A. W. Heiss, Appellant, v. The Chicago, Rock Island & Pacific Railway Company.

**Railroads:** LICENSE: *Trespassers.* A depot platform had at the north end steps for the use of the public, and at the south an apron from the ground, for the same purpose. There was a well-defined footpath going from the public street across the track to the platform. It would not have been proper to have the grounds fenced, nor could the path have well been obstructed. *Held,* that the railroad company gave no license or invitation to anyone to approach the track by the path, and cross the track to the east

side of the platform, so as to render it liable to a person injured in so doing, without negligence on its part.

NEGLIGENT SPEED: *Ordinances.* In the absence of any ordinance, no particular rate of speed on depot grounds would, alone, be proof of negligence.

*Appeal from Greene District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, OCTOBER 29, 1897.

THE plaintiff, while at Minburn, attending to business as a traveling salesman, heard the whistle of a train on which he expected to return to Perry, and hastened towards the depot. The street passed so that the crossing at the railroad was twenty-one feet north of the depot platform, to which there were steps. He followed this street until near a corncrib about sixty-four feet east of the crossing, when he took a footpath diagonally southwest, towards the waiting room, at the south end of the depot, where he had left his satchel. When five or six feet from the track, he left the path, and went directly across to the platform, which was between two and three feet above the ties, and in some way, unexplained, stumbled and fell, striking his head on the platform, and became unconscious. The train, which he had noticed approaching, ran over one leg, and rendered amputation necessary. This action is brought for damages resulting. Trial to jury, judgment on verdict directed for defendant, and plaintiff appeals.— *Affirmed.*

*Cardell & Nichols* for appellant.

*Cummins & Wright* for appellee.

LADD, J.—The controlling question argued is whether the plaintiff was a trespasser, or on the track

with the license and invitation of the defendant. If a mere trespasser, the defendant owed him no active duty, and would be liable only in event of his discovery in time to avoid the injury. If there with a license and invitation of the defendant, then its employes were bound to keep a lookout for him; and if, by the exercise of ordinary care, he might have been discovered in his perilous situation in time to have avoided the injury, the defendant is liable. *Murphy v. Railway Co.*, 38 Iowa, 542; *Clampit v. Railway Co.*, 84 Iowa, 71. The street north of the depot platform passes very near to it,—one witness placing the distance at ten feet and another twenty-one feet from the crossing,—and at this end of the platform are steps for the use of the public in going to and from the depot. At the south end there is an apron from the ground to the platform, for the same purpose. Instead of making use of these, the plaintiff abandoned the street, and took a footpath near a corncrib to a point opposite the platform, thirty-eight feet south of the north end, and there left the path, and attempted to cross the rails and mount the platform. The path was not very distinct until near the corncrib, but clearly defined from there until it reached the track, where it disappeared or widened out, the ground being trodden six or eight feet wide. The path had been used more or less in going "cross lots" to the depot for several years. The platform at that place was between two and three feet above the ties, and was left open under. It is possible that the mere use of a path across a railroad track may, under some circumstances, imply a license for such use, but in this case every circumstance negatives such an inference. The defendant had furnished safe and convenient approaches to the platform. These were for the use of the public, and an invitation to thus approach the depot. Their existence in the immediate vicinity

rebuts any inference that might be drawn from the mere use of the path. The approach to the depot could not well have been made more difficult than it was by way of the footpath. No obstruction could well be made use of, nor could the grounds properly be fenced. That people persisted in the use of such an approach, when others, safe and convenient, in the immediate vicinity, were provided, will not be construed to imply an invitation for its use. The facts are essentially different from those in *Clampit v. Railway Co., supra.* There the ties across the ditch, the stairway, and the beaten path clearly indicated an intention to appropriate a crossing by footpath; and from the fact that there was no other near by, and no obstruction to its use by the defendant, where these might have been placed, consent was implied. Such consent is indicated by no act or omission on the part of the defendant in this case. It could not obstruct mounting the platform at a point where passengers passed to and from the train, and it was not required to employ servants to warn people from doing so, when safe and convenient approaches were plainly visible near by.

II.   In the absence of any ordinance to the contrary, no particular rate of speed on depot grounds would, alone, be proof of negligence. *Cohoon v. Railway Co.*, 90 Iowa, 169. The evidence fails to show that plaintiff was discovered by those in charge of the train, in time to avoid the injury, and he cannot recover.—AFFIRMED.