JOHN OLIVER V. IOWA CENTRAL RAILWAY COMPANY, Appellant.

Railroads: CONTRIBUTORY NEGLIGENCE.   Where one in the posses-
sion of all his faculties, except slight deafness, voluntarily
and unnecessarily places himself in a position of peril at the
intersection of a railway and street crossing and is injured by
a passing train, he is not relieved from the consequence of his
own negligence by the fact that the railway employees were
equally negligent.

*Appeal from Monroe District Court.*—HON. FRANK W.
EICHELBERGER, Judge.

MONDAY, JANUARY 18, 1904.

ACTION to recover damages for a personal injury.   At
the time the injury was received the plaintiff was about
seventy years of age, and, aside from being slightly deaf,
was in the full possession of his mental and physical
powers.   He reached Oskaloosa over the defendant's road
about seven o'clock in the morning on his way to Hedrick,
to reach which place he had to change trains at Oskaloosa
and wait until about half past eleven o'clock.   Immedi-
ately west of the defendant's station house and mainline
track in Oskaloosa were several yard tracks running, as
did the main track, north and south, and extending over
one of the principal thoroughfares of the city, known as
"High Avenue."   Soon after leaving the train which had
brought him to the city, the plaintiff walked north to High
avenue, and then west thereon across all of the defend-
ant's tracks.   Shortly thereafter he started to return
across the tracks, and when part way over he stopped,
either between the rails of one track or so close to one of
the rails thereof as to be in a position of danger, and there
stood looking toward the south for a couple of minutes, as

he testified, and, while so standing and looking, one of the defendant's engines, backing down from the north, struck him' and inflicted the injury complained of. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*George W. Seevers* and *T. B. Perry* for appellant.

*Bolton, McCoy & Bolton, Bolton & Bolton* and *McCoy & McCoy* for appellee.

SHERWIN, J.—The principal assignment of error is based upon the following instruction given by the court: "If you find that the plaintiff was struck and injured at a point in High avenue, or within its limits where it is crossed by the railroad tracks, whilst he was using said highway in a proper manner for the purpose of crossing the tracks, plaintiff would not in such case be a trespasser. If such place was a much-frequented crossing used by many persons and teams in crossing and recrossing the tracks in a populous neighborhood, and near defendant's depot and yards, where it might reasonably be expected that persons would or might be crossing the tracks then the defendant was under the duty of exercising care to discover the possible danger to pedestrians and teams making use of the crossing. In such case a railroad company would be liable to any one injured by reason of its failure to use ordinary care under all the circumstances, and if, by the use of such ordinary care at such point, it might have discovered a person on the crossing, in a dangerous position, in time to have avoided the accident, and if it failed to use such ordinary care to discover the exposed situation of the person receiving the injury, it would be liable to damages to such person so injured, notwithstanding he might have been guilty of negligence in thus exposing himself in the first instance. Although the rule is that, even if the defendant is shown to have been guilty

of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of negligence contributing to his injury, yet this negligence on his part would not exonerate the defendant and prevent recovery by the plaintiff if it be shown that, by reason of the publicity of the crossing and the number of persons in and about and crossing over said crossing, the defendant's employes would or should, in the exercise of reasonable care, have had knowledge of such danger, and that they might in the exercise of reasonable care have discovered the plaintiff's danger in time to have avoided the accident, but failed to exercise such care, and thus failed to discover his exposed and dangerous situation in time to avoid the injury to him; and f you so find, and find that the defendant was negligent in not thus discovering the plaintiff, you should find for the plaintiff."

There was a conflict in the evidence as to whether the plaintiff was on High avenue when he was struck, but that was settled by the finding of the jury that he was. The plaintiff, then, was not a trespasser or a licensee, but was in the rightful use of a public street across which the defendant also had the right to run its engines and cars. The defendant's employes did not see the plaintiff until the moment he was struck, and there is no claim that they could then have stopped the engine in time to have avoided the accident. The engine was moving at the rate of about four miles an hour. There was testimony tending to show that no alarm was given of the movement of the engine across the avenue, and testimony from which the jury might have found that the plaintiff's negligence contributed to the accident. So that the questions we have to consider in this connection are of law only.

The instruction told the jury in substance that, no matter how negligent the plaintiff had been in exposing himself to the peril incident to standing on a railroad track, the defendant would nevertheless be liable if its

employes were negligent in not discovering the plaintiff
in time to have avoided the accident. There can be no
doubt that greater precautions should be taken for the
protection of those in the rightful use of a public street
across which a railroad is operated than the law would
require under many other conditions. And we have held
that the exercise of reasonable care under certain circum-
stances might require the railroad company to keep a look-
out for those rightfully on the track. *McMarshall v.
Chicago, R. I. & P. Ry. Co.*, 80 Iowa, 757; *Thomas
v. C. M. & St. P. R. R. Co.*, 103 Iowa, 649. And this rule
we believe to be humane and bottomed upon just prin-
ciples, for it would be little less than outrageous to say
that those operating trains on public streets need pay no
attention to the public also entitled to their use. We think
the rule also supported by the great weight of authority.
But even in cases where it should be said, as a matter of
law, that the failure to keep a lookout was negligence, it
does not necessarily follow that a person injured by reason
of such negligence can recover regardless of his own neg-
ligence. A person may be in a position of danger without
negligence on his part; for instance, if he be overcome by
some physical force which he could not avoid, and be left
in a place of danger, as upon a railroad track, he would
most clearly not be guilty of negligence in being there.
But if a person *sui juris* voluntarily and unnecessarily
place himself in a position of known peril, it would be
most unjust to say that he should be entirely relieved from
the consequences of his own act, and that another, no
more negligent than he, should fully compensate him for
the injury he received. Moreover, such a rule would
entirely demolish the doctrine of contributory negligence,
and, if adopted in this case, would require the overruling
of a long line of cases holding exactly the reverse principle.
Beginning with the early cases, we have consistently held
that there can be no recovery where there was contribu-

tory negligence, no matter how negligent the defendant might have been. It is unnecessary to review these cases, or to cite all of them. Some of them involve the question of the respective rights of the public and the defendants to the use of streets, and in all the holding has been the same on the question of contributory negligence. *Tierney v. C. & N. W. R. R. Co.*, 84 Iowa, 641; *Sala v. C., R. I. & P. R. Co.*, 85 Iowa, 678; *Banning v. C. R. I. & P. R. R. Co.*, 89 Iowa, 74; *Moore v. K. & W. Ry. Co.*, 89 Iowa, 223; *Bryson v. C. B. & Q. Ry. Co.*, 89 Iowa, 677; *Crawford v. C., G. W. Ry. Co.*, 109 Iowa, 433; *Barry v. Burlington Ry. & Light Co.*, 119 Iowa, 62. Of our own cases relied upon by the plaintiff, *Clampit v. C., St. P. & K. C. Ry. Co.*, 84 Iowa, 71, was a case where the plaintiff was rightfully upon the track, and it was held that he was not negligent. In *Donaldson v. M. & M. Ry. Co.*, 18 Iowa, 280, the question now before us was not involved or determined. In *McMarshall v. Chicago R. I. & P. Ry. Co.* 80 Iowa, 757, there was no concurring negligence. Nor was such issue presented or determined in *Goodrich v. B. C. R. & N. Ry. Co.*, 103 Iowa, 412. In the latter case the defendant's employes saw the plaintiff before he was struck, and it was held that whether there was negligence in not sooner stopping the cars was a question for the jury. In *Thomas v. C., M. & S. P. R. R. Co.*, 103 Iowa, 649, it was held that the defendant was bound to keep a lookout for persons rightfully on the track, but, owing to the age of the child injured there was no question of contributory negligence in the case.

Because of our own decisions on the precise question, we have not thought it necessary to review the cases from other jurisdictions which are relied upon by the appellant. However, we will refer briefly to two cases, decided by the Supreme Court of the United States, to which the appellant makes frequent reference in support of his contention. *Inland & Seaboard Coasting Co. v. Tolson*, 139 U.

S. 551 (11 Sup. Ct. Rep. 653, 35 L. Ed. 270), was a case where the officers of the boat saw the position of the injured party and might have stopped the boat before the accident, and the decision is simply an application of the doctrine of "last clear chance." The question in *Grand Trunk Co. v. Ives*, 144 U. S. 408 (12 Sup. Ct. Rep. 679, 36 L. Ed. 485), was whether the defendant was negligent in not keeping a proper lookout, and in not providing a flagman for the crossing. The precise question here was not discussed in that case, but the rule we have announced was recognized and approved. The trial court instructed that if the plaintiff was himself negligent there could be no recovery, and this was said to be the correct rule.

The testimony of the witness Parry was wholly immaterial to any issue in the case, and should not have been received.

There was a substantial conflict in the evidence as to the negligence of both parties, and the question was for the jury, hence the court rightly refused to direct a verdict for the defendant.

The other matters argued are either disposed of by what has already been said, or are not likely to arise upon a retrial of the case, and we do not further notice them.

For the errors pointed out, the judgment of the district court is REVERSED.