Thomas Lennon, Appellant, v. Illinois Central Rail-
road Company, Appellee.

**Carriers:** delivery of baggage: negligence.  A delivery of bag-
  gage to a railroad company so as to make the company re-
  sponsible for an injury thereto, cannot be accomplished by
  unloading it onto the depot platform in an unusual and hazard-
  ous place and in the absence of station officials, where a regu-
  lar and safe place for unloading is provided.

**Same.**  Under the evidence it is held that injury to the baggage
  of a passenger, which had been unloaded onto the station plat-
  form from a dray at an unusual place and in near proximity to
  the track, was not the result of the negligent operation of a
  passing train.

*Appeal from Calhoun District Court.*— Hon. Z. A. Church,
Judge

Wednesday, May 3, 1905.

Action to recover damage for injuries to personal prop-
erty.  The opinion states the case.  At the close of the evi-

dence there was a directed verdict and judgment in favor of defendant, and plaintiff appeals.— *Affirmed.*

*C. O. Longley,* for appellant.

*W. S. Kenyon* and *E. C. Stevenson,* for appellee.

BISHOP, J.— The town of Pomeroy is a station on the line of defendant's railroad. Plaintiff, an intending passenger on an early morning train from said station, procured a drayman to take his baggage, consisting of trunks, etc., to the depot. The drayman appeared at the depot with such baggage before the arrival of any of the station employés. He drove down immediately in front of the depot platform, and, with his team and wagon standing on the main line of track, proceeded to unload the baggage upon a wheeled truck kept on and about the platform for such purposes. While thus engaged, a fast through train announced its approach, and he had barely time to get him team and wagon out of the way before such train rushed past the depot. The truck was left standing close to the edge of the platform, and the same was caught by the passing train, and the baggage of plaintiff thereon was thrown off and injured. This action is brought to recover the amount of the damage alleged to have been thus sustained.

The petition is in two counts. The first alleges a delivery of the baggage to the defendant, and that thereafter the same was returned to plaintiff in a damaged condition. Under this count, to warrant a submission to the jury, evidence tending to show a delivery was required. We find none in the record. It appears that there was a regular and safe place provided at the depot for receiving baggage, and there was a safe road leading thereto. Whatever the rule which might, through custom or otherwise, obtain in respect of baggage placed on a truck at such place, it is manifest to our minds that, especially in the absence of the station officials, delivery could

1. CARRIERS: delivery of baggage; negligence.

not be accomplished by leaving baggage at a place, and under circumstances of danger, such as appear in this case.  *Grosvenor v. Railway,* 39 N. Y. 34; *Heiss v. Railway,* 103 Iowa, 592; *Wagner v. Railway,* 122 Iowa, 360.

In the second count plaintiff alleges negligence in respect of the operation of the passing train, it being said that it was run through the station and by the depot at such dangerous and negligent rate of speed as that the jar thereof put the baggage truck in motion and caused the collision between the same and the train, whereby the injury complained of resulted.  In respect of the matter thus alleged, it is sufficient to say that the record does not make it appear that the train was being run at an unlawful rate of speed.  It does not appear that the engineer in control of the movement of said train had any reason to apprehend, even as a likelihood, that the team and drayman would be standing on the track, or that the baggage truck would be placed so close to the edge of the platform and the track as to invite a collision.  It does appear that, when the engine approached sufficiently close to the depot as to make discovery of the situation possible, it was too late to check the speed of the train and avoid the collision that followed.

2. SAME.

We think that no cause of action was made out, and accordingly the verdict for defendant was rightly directed.— *Affirmed.*