SYLVIA POSNER, Plaintiff, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 20, 1935.

*Monroe A. Lewis*, for the plaintiff.

*Clive C. Handy [Gerald E. Dwyer* of counsel], for the defendant.

GARSIDE, J. Plaintiff boarded defendant's train at its One Hundred and Twenty-fifth street station early in the morning of June 11, 1933, bound for Millerton, N. Y. She had with her two suitcases which were carried to the train by a porter and deposited in the rack provided for the purpose over the seat which she occupied. Shortly before noon, as the train approached Pawling, N. Y., a trainman announced that the train would stop for ten minutes at Pawling where passengers could obtain refreshments. The plaintiff was one of the first passengers off the train and after having some luncheon returned to the train. She was away for about seven minutes. After the train left Pawling and had gotten well under way plaintiff discovered that one of her suitcases was missing. She now sues defendant for the loss thereby sustained.

It is well settled that a carrier's common-law liability as an insurer of baggage does not extend to the hand baggage carried by a passenger on his journey. It also appears to be settled that under such circumstances the plaintiff has the burden of proving defendant's negligence and plaintiff's freedom from contributory negligence. In *Knieriem* v. *New York Central & H. R. R. R. Co.* (109 App. Div. 709) the Appellate Division in this Department stated the rule as follows (at p. 711): " The carrier is not *prima facie* liable for loss, except as to such articles as are entrusted to its care by being placed in its custody and hence under its control. As to articles retained by the passenger and carried by him in the same car in which he is transported, the burden is upon him to show that the loss was occasioned by the carrier's negligence." (See, also, *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363.)

Plaintiff does not appear to have proven or attempted to prove any negligence on the part of the defendant. She contends, however, that the baggage was lost while in the custody of the defendant as a bailee and seeks to hold defendant liable under such theory.

In order for a bailment to exist there must be a delivery by the bailor, either actual or constructive, into the custody of the bailee. (*Gilson* v. *Pensylvania R. R. Co.*, 86 N. J. L. 446; 92 A. 59.) The bailee must have notice of his possession of the goods and of the fact that they are the property of the bailor. The bailee must also have such custody as gives him the exclusive right to possession during the bailment.

It appears' clear that in this case there was no actual delivery of the suitcase and that there was no constructive delivery, unless the stopping of the train and the announcement by the trainman were in effect acts which constituted an assumption of custody.

Plaintiff cites in her brief numerous cases involving the Pullman Company or sleeping car companies. The court holds that none of these is applicable to the case at bar. A sleeping car company is not a common carrier and its relationship with and duties to its patrons are entirely different from those of a railroad company as a common carrier. The remaining cases cited by plaintiff involve common carriers but are clearly distinguishable on one ground or another. The case of *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 363), cited by plaintiff, is distinguishable, for in that case there was an actual delivery of plaintiff's personal baggage to defendant's trainman — a clear bailment. Likewise distinguishable and for similar reasons is the case of *Kingsley* v. *Lake Shore R. R.* (125 Mass. 54). *Foulke* v. *N. Y. Consolidated Railroad Co.* (228 N. Y. 269) is clearly distinguishable and cannot be said to be applicable to the case at bar.

In the absence of reported decisions in point it becomes necessary to apply general principles of law to the question before the court. Plaintiff testified that she made no effort to check her personal baggage and thereby secure protection thereof by the railroad. She in effect refused to avail herself of the offer of defendant implied in the contract of carriage to assume custody of her baggage and carry it to her destination. The defendant had no notice or knowledge of plaintiff's ownership of the suitcase in question. Plaintiff did not testify that she at any time called the attention of the conductor or any other trainman to her baggage and it may be assumed that she had not done so. She also testified that the car in which she rode was fairly well filled and that approximately fifty per cent of the passengers in that car had hand baggage with them. It would seem to place an unreasonable burden upon the defendant to hold it liable for loss sustained under such circumstances. The law should not impose a duty which from practical considerations is impossible of performance.

The court is of the opinion that there was neither actual nor constructive custody of the baggage in question and that there was, therefore, no bailment. In consequence it becomes unnecessary to consider the contributory negligence of the plaintiff in leaving her baggage as she did. (See *Osborn* v. *Cline*, 263 N. Y. 434.)

The court, therefore, finds that defendant railroad company cannot be held liable. The complaint will be dismissed on the merits and judgment entered for defendant.