Mrs. George Jensen, Appellee, v. Interstate Transit Lines, a Corporation, Appellant.

No. 43222.

March 17, 1936.

Breen & Breen, for appellee.

B. J. Price, and George R. Hise and Davis, McLaughlin & Hise, for appellant.

Anderson, J.—Appellant's motion to strike appellee's amended abstract and appellee's motion to dismiss appeal, both submitted with the case, are overruled.

Plaintiff seeks to recover from the defendant the value of contents of two handbags, or suitcases, claimed to have been lost during transportation on one of the busses of the defendant company from Chicago, Illinois, to Ames, Iowa. The material facts, as disclosed by the record, show that the plaintiff, Mrs. George

Jensen, purchased a bus ticket at Jersey City, New Jersey, for transportation from Jersey City to Fort Dodge, Iowa; that her trip to Chicago was made in one of the busses of the Greyhound lines; that the hand baggage in controversy was carried to Chicago in the same bus in which the plaintiff was a passenger. On her arrival in Chicago her suitcases were carried into the Union Bus Terminal by a "red cap", and, after a period of two or three hours, were carried by the same "red cap" from the terminal to another bus in which the plaintiff proceeded to Ames, Iowa. The plaintiff in her testimony was not certain as to whether or not this bus was one of the defendant's, Interstate Transit Lines, busses. However, for the purpose of this opinion only, we will assume that the record is sufficient to show that the bus was one of the defendant's busses. Plaintiff testifies that, when she arrived in Chicago on the Greyhound bus, the driver thereof "told us to leave our baggage and get off". The defendant objected to the introduction of this statement into the record, and assigns its introduction as error. The statement is not material to the issues presented, but it is useful as an indication that up to that time the baggage of the passengers, including that of the plaintiff, was not in the exclusive control and care of the transportation company. It indicates that the plaintiff and other passengers could have removed their own baggage from the bus. At the time plaintiff got on the bus in Chicago she testifies that she asked the "red cap" where her bags were, and he pointed them out to her as having been placed at the front end of the bus, and she testifies they were in plain sight and she saw them there. She then went to the rear of the bus and took her seat. This was about 9 o'clock at night, and she arrived in Ames some time the following day. When she arrived in Ames, she could not find her baggage. She complained to some one in charge of the station at Ames, but the bags were not found, and she brings this action to recover for their value, alleging, in effect, that the defendant company is liable for the loss as a common carrier. No negligence is alleged. The only witness in the case was the plaintiff. The defendant offered no evidence. At the close of the evidence, the defendant moved for a directed verdict, which motion was overruled by the court, and the case submitted to the jury on the foregoing facts. A verdict was returned for the plaintiff in the sum of $118, and, after a motion for a new trial

was made and overruled, judgment was entered on the verdict. The defendant appeals.

As indicated, the plaintiff seeks to hold the defendant liable for the loss of the baggage in question as a common carrier and an insurer. No negligence on the part of the defendant is alleged. The court properly instructed the jury that the defendant could be held liable only in the event that the baggage in question was delivered to the defendant and was under its exclusive care and control. The plaintiff attempts to differentiate the facts in this case from facts involved in many decided cases in which the transportation company has been held not liable as an insurer of hand baggage carried in regular passenger cars on railroad trains. In order to do this, plaintiff claims that the baggage was placed by the defendant in a closed compartment in the bus provided for the carrying of baggage. The facts disclosed show that the bus was equipped with a shelf extending on both sides of the bus above the seats, very similar to the ordinary baggage or parcel shelves or racks found in most railroad passenger cars. The bottom of this receptacle or shelf in the bus in question was of solid construction, and the passengers could not see articles on the shelf when occupying one of the seats under such shelf. Plaintiff claims that this was a closed compartment constructed and used by the company exclusively for the carriage of baggage, and that it was in effect the same as a baggage car on a railroad train or a compartment exclusively for the depositing and transportation of baggage and under the exclusive control of the defendant company. We cannot follow the plaintiff in her attempt to differentiate the situation in this case from the cases in which it has many times been held that the carrier is not responsible for hand baggage or clothing taken into the regular passenger cars of rail transportation companies. The fact, as shown by the record, that, when the plaintiff got on the defendant's bus in Chicago, she immediately asked the "red cap" where he had put her grips, would indicate that she did not consider herself that the grips were wholly out of her care, control, and possession. It matters not whether the baggage was placed in the rack or on the shelf by an employee of the defendant company or one for whose acts the company was responsible, or whether it was placed there by the plaintiff herself. It would not be argued that, had the plaintiff, after she had entered the bus in Chicago, or during the trip to Ames, removed a valuable

fur coat and placed it in the same rack or shelf and it had been lost, the company would be liable therefor, and we cannot see any difference between such a situation and that as disclosed by the record in this case as to the hand baggage in question.

We are not wholly without precedent in determining the question here presented. In order to fix a common carrier's liability as an insurer, there must be a delivery of the complete care, custody, and control of the property to the carrier, and without such delivery there can be no liability except for negligence. Lennon v. Ill. Cent. R. Co., 127 Iowa 431, 103 N. W. 343; Globe & Rutgers Insurance Co. v. Winter Garden Co. (C. C. A.) 9 F. (2d) 227; Burnett v. Riter (Tex. Civ. App.) 276 S. W. 347; Union Pac. R. Co. v. Grace, 22 Wyo. 452, 143 P. 353, L. R. A. 1915B, 608; Posner v. N. Y. Cent. R. Co., 154 Misc. 591, 277 N. Y. S. 671; Murphy v. Greyhound Lines, 235 App. Div. 109, 256 N. Y. S. 114.

In the Murphy case the facts are practically like the facts in the case at bar. In that case plaintiff boarded a bus at Utica, New York, to travel to New York City. The bus driver took her suitcase and placed it on a rack which ran around the inside of the bus—the same situation as we have in the instant case. The suitcase was not checked, and, when plaintiff arrived in New York, her case was missing. She sued the bus company for the loss. In disposing of the case, that court said on page 115 of the report:

"Taking plaintiff's story at its full value, when the bus driver placed the suit case in the rack inside the bus in full view of plaintiff—not checking the suit case or otherwise assuming complete control or dominion over it—defendant did not become a bailee of the article for hire or otherwise. * * * The proof here goes no further than to show that the driver of the bus did nothing more for plaintiff than he did for other passengers, i. e., place her suit case in an open rack, instead of leaving her to do so herself, and then remove her baggage from the bus at the terminal point of the journey as a favor, an act not proved to have been a part of the accommodations paid for, nor even to have been customarily done. No bailment, custody, or control was proved such that the loss of the suit case could be fairly attributed to negligence for which the company would be liable. No possession so exclusive as to make defendant an insurer is claimed."

In Posner v. N. Y. Cent. R. Co., supra, the facts disclose that plaintiff boarded a railroad train with two suitcases, which were carried to the train by a porter and deposited in a rack for that purpose over the passenger seats. The plaintiff left the train for a short period during the trip, and shortly after she returned discovered that one of her suitcases was missing. In holding that the defendant was not liable as an insurer, the court in that case said:

"It is well settled that a carrier's common-law liability as an insurer of baggage does not extend to the hand baggage carried by a passenger on his journey. It also appears to be settled that under such circumstances the plaintiff has the burden of proving defendant's negligence and plaintiff's freedom from contributory negligence. * * * 'The carrier is not prima facie liable for loss, except as to such articles as are intrusted to its care by being placed in its custody and hence under its control. As to articles retained by the passenger and carried by him in the same car in which he is transported, the burden is upon him to show that the loss was occasioned by the carrier's negligence.' * * * In order for a bailment to exist, there must be a delivery by the bailor, either actual or constructive, into the custody of the bailee. * * * The bailee must also have such custody as gives him the exclusive right to possession during the bailment."

It would seem unreasonable to hold the defendant liable for loss sustained under circumstances as disclosed in the instant case. The law should not impose a duty which from practical consideration is impossible of performance. It is apparent that the driver of the bus could not give attention to each particular piece of baggage deposited on the shelf or receptacle within the bus, whether such deposit was made by the passenger herself or by an employee or agent of the bus company. It is only where the carrier is given complete care, custody, and control of baggage that it becomes liable as an insurer. Union Pac. R. Co. v. Grace, 22 Wyo. 452, 143 P. 353, L. R. A. 1915B, 608; Springer v. Pullman Co., 234 Pa. 172, 83 A. 98, 101. In the last cited case the court said:

"To so hold would be to impose on the company the duty of seeing that no passengers left the car with any baggage except his own, which again would be virtually making the carrier an

insurer, besides subjecting the passengers to a scrutiny and surveillance which the ordinary traveler would have a right to resent. We cannot think that the ordinary care exacted of the carrier requires any such officious interference as this.''

The appellee concedes that there is but one question in this case, and that is, ''Did the bus company have the complete control of the baggage.'' We conclude that it cannot be said under this record that the bus company had such complete or exclusive control over and care of the plaintiff's baggage as to make it liable as an insurer. The appellee attempts to distinguish the facts in this case and those in the Murphy case, supra, on the basis that in the Murphy case the baggage was placed in the receptacle above the seats ''in full view of the plaintiff''. In the instant case the baggage was in full view of the plaintiff when she boarded the bus; she so testifies. Baggage placed in these receptacles cannot be in ''full view'' of the passenger at all times. It depends on where the passenger seats himself in the bus. It certainly would not be in full view if it was placed over the head of the passenger or in the receptacle on the same side of the bus in which the passenger seated herself. We can see no difference in the facts in the two cases.

In view of the foregoing discussion and citation of authority, we are constrained to hold that no liability of the defendant is shown. The verdict of the jury has no support in the record. Defendant's motion for a directed verdict should have been sustained.—Reversed.

DONEGAN, C. J., and KINTZINGER, ALBERT, HAMILTON, PARSONS, and STIGER, JJ., concur.

MITCHELL, J., takes no part.